614 So.2d 755 (1993)
STATE of Louisiana, Appellee,
v.
James NORRELL, Appellant.
No. 24659-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
*756 Steven A. Hansen, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Douglas R. Haynes, II, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, VICTORY and BROWN, JJ.
MARVIN, Chief Judge.
James Norrell appeals consecutive 15-year sentences for two counts of oral sexual battery and a concurrent 10-year sentence for molestation of a juvenile, an upward departure from the sentencing-grid guidelines. LRS 14:43.3; LRS 14:81.2. Norrell pled guilty to these charges pursuant to a plea agreement.
We affirm.

EXCESSIVE SENTENCE
LSA-Const. Art. 1, § 20 prohibits the imposition of excessive punishment. CCrP Art. 894.1 mandates that the trial court consider the recommendations of the Felony Sentencing Guidelines (FSG), and state for the record the considerations it has taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis for imposing sentence.
We have noted that the guidelines are advisory, not mandatory. A sentence shall not be declared unlawful or excessive solely because the sentencing court imposes a sentence that does not conform with the designated sentence range in the guidelines grid. LRS 15:326; LRS 15:328; CCrP Art. 894.1; FSG § 103J; State v. Strother, 606 So.2d 891 (La.App.2d Cir.1992), writ denied.
Upward departures from the designated sentence range of the guideline grid should be made when one or more aggravating circumstances significantly differentiates the particular case from the "typical." § 209A3. The guidelines set forth 19 aggravating circumstances which, when present to a significant degree, differentiate the case under consideration as more serious than the typical case arising under a particular offense. § 209B. If the trial court finds one or more aggravating circumstances, then the grid range for the "typical case" is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence. State v. Strother, supra.
The guidelines continue the statutory suggestion that concurrent sentences "should" be imposed if two or more criminal acts constitute parts of a common scheme. Compare § 215A2 and CCrP Art. 883. While the word "should" is not mandatory, the guidelines clearly suggest that a trial court specifically consider the several aggravating factors which may warrant imposition of consecutive sentences. State v. Strother, supra.
The seriousness ranking for type II oral sexual battery (where the victim is under 15 years) is four. Applying this ranking and Norrell's criminal history index, as calculated by the probation officer, the recommended sentence for each count of oral sexual battery is 42-30 months. The seriousness ranking for molestation of a juvenile is three. The recommended sentence for this conviction is 66-54 months.
In considering the recommendation of the guidelines, the trial court found several aggravating circumstances which warranted an upward departure of the sentencing guidelines and imposition of the maximum sentences allowed. The trial court stated these reasons for the departure:
After reviewing the sentence guidelines report and the presentence investigation report, I find that your case is definitely not a typical case and, for that reason, I am departing from the recommendation *757 of the sentence guidelines report. I do find that there are a number of aggravating circumstances present in your case that would merit such departure. Number one, your conduct in buying favors [gifts, trips, etc.] for the young boy involved and in providing sexual material for him, such as movies and things of that sort, amounted to your arousal of his sexual desires and was done for the sole purpose of satisfying your own sexual needs without any consideration at all of the lasting effect that your acts may have on this young boy for the rest of his life. And this was especially true, as I pointed out to you earlier because of your own history that you related [sexual abuse] and your attributing your problems to that history in your young life. The second aggravating factor is that you knew, or you certainly should have known, that this young boy was particularly vulnerable or incapable of resistance due to his extreme youth and lack of experience in life. Third, you used your status as an adult to gain confidence of the parents of this youth to facilitate the commission of this offense. Four, you created ... your acts created a risk of grave harm to this young boy, as such act, as is evidence by your own case, could cause him to have perverted sexual desires. Number five, you used threats of personal violence to yourself in the commission of the offense, and I refer to the mention earlier of you putting a gun to your own head and threatening, in the presence of this boy, to kill yourself if he didn't go through with the act. Number six, a dangerous weapon was, of course, used in the commission of the offense, as I've just mentioned. Number seven, your conduct with the young victim in this case [has] also involved other victims, or at least one other victim for which you've been charged, not been sentenced, and which I understand that charge will be dismissed.... Eight, I've taken into consideration the fact that you were involved in the same type of activities in the State of Arkansas with several young boys, ages ten to thirteen; the same as the boys here. You've been charged ... you have been charged with rape in that state and apparently were either convicted or you pled to two counts of sexual abuse. The record showed that you received and served a two year sentence, being released in 1990, and then in 1991 was when these offenses were ... when you were arrested for this offense. Number nine, also I've considered the fact that a second charge molestation involving your stepson has been, or will be dismissed upon your sentence in this case. I've looked at the suggested mitigating circumstances provided by the sentence guidelines and I find that there are absolutely no mitigating circumstances available in your case.
In excessive sentence assignments, we recognize the wide discretion of the trial court and require that a manifest abuse of that discretion be demonstrated before setting aside a sentence. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App.2d Cir. 1988). Once the trial judge has pronounced sentence under the FSG, we review the case simply to determine if it is excessive under LSA-Const. Art. 1, § 20.
Factors which constitute essential elements of the offense of conviction or separate offense(s) for which defendant was convicted and sentenced shall not be considered aggravating circumstances. FSG § 209B. Both oral sexual battery and molestation of a juvenile have as elements of the offense the youth of the victim who was here 14 years of age. Additionally, the grave risk of harm to the victim here is present in the "typical" case involving oral sexual battery or molestation of a juvenile. In some circumstances the age of the victim and the risk of harm posed to him or her may be more aggravated. Accordingly, these factors should not have been considered as aggravating by the trial court.
The trial court should not have twice considered Norrell's conduct with his stepson as an aggravating circumstance and should not have considered Norrell's criminal history as an aggravating circumstance *758 because this history had already been taken into account in calculating his criminal history score.
Nevertheless, the trial court's articulation of reasons for imposing the sentence complies with the mandate of CCrP Art. 894.1. The other factors considered by the trial court were aggravating circumstances listed in FSG § 209B. These factors are factually supported, and the court's upward departure from the guidelines-grid sentence range recommended for a "typical" case of oral sexual battery and molestation of a juvenile is in accord with the guidelines.
We find the trial court did not abuse its discretion and that the sentences are not excessive.
The sentences are AFFIRMED.