660 So.2d 123 (1995)
STATE of Louisiana, Appellee,
v.
Enoch A. BROWN, Appellant.
No. 27182-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
*124 John William Focke, II, Monroe, for appellant.
Richard Ieyoub, Attorney General, Baton Rouge, William R. Coenen, Jr., District Attorney, Rayville, Johnny R. Boothe, Assistant District Attorney, Winnsboro, for appellee.
Before SEXTON, NORRIS and WILLIAMS, JJ.
PER CURIAM.
Defendant pled guilty pursuant to a plea bargain which reduced a charge of sexual battery to indecent behavior with a juvenile in violation of LSA-R.S. 14:81. The trial court imposed a sentence of 30 months at hard labor. The sentence constitutes a departure from the sentencing guideline's recommended sentence for a typical case. The defendant appeals, urging that the sentence is excessive and should have been probated. We affirm.
The record shows that the defendant, who was 66 years old at the time, on two occasions in late 1992 and early 1993 rubbed the breasts and genital area of his 10-year old stepgranddaughter. During the second offense, which prompted the charge, the defendant induced the girl to rub his genital area. The girl reported the incident to her father, who contacted the authorities. The defendant confessed to the two incidents stating that he "got carried away." From the record, there does not appear to be any discrepancy between the child's and the defendant's versions of what transpired during the incidents.
Before imposing sentence, the district court reviewed a presentence investigation report and a guidelines report. The court correctly noted that the offense of conviction and defendant's sole misdemeanor conviction placed him in grid cell 5-F, which is in the intermediate sanction zone and recommends 90 to 135 sanction units. The court found three matters which it considered to be aggravating factors warranting departure from the suggested sentence range: (1) the victim was particularly vulnerable due to her youth; (2) defendant used his position and status as her stepgrandfather and custodian to facilitate the offense; and, (3) the child suffered extreme emotional trauma, cries a lot, and required counseling. The court also considered defense counsel's suggested mitigating factors which indicated defendant was undergoing psychological counseling and had suffered a stroke since the offense. The court found that defendant's age was not so advanced as to constitute a mitigating circumstance. The court imposed a 30-month hard labor sentence and later denied a timely motion for reconsideration of sentence which presented several other alleged mitigating factors.
On appeal, defendant contends that the departure from the sentencing guidelines was unwarranted and that his sentence is excessive. He urges that two of the three *125 aggravating factors cited by the court as grounds for the departure cannot be considered as aggravating factors. He also urges that the trial court failed to give adequate consideration to the mitigating factors he enumerated in his motion to reconsider, which he claims outweigh the one valid aggravating factor.
The sentencing guideline report considered by the court correctly placed the defendant within grid cell 5F, which falls within the intermediate sanction zone. La. S.G. § 403(A). For typical cases in the Intermediate Sanction Zone, the court should impose a sentence consisting of an intermediate sanction or sanctions unless a mandatory sentence of incarceration is required by law. La.S.G. § 207(D)(1). Intermediate sanctions include any sanction the court may impose other than jail or prison, including, but not limited to, probation, intensive supervision, periodic incarceration, home incarceration, community service, in-patient treatment, out-patient treatment, economic sanctions, and denial of privileges, e.g., driver's license. La. S.G. § 207(D)(1)(a)(b). The authors' commentary to Section 207 of the sentencing guidelines states:

(3) Intermediate sanction zone sentences.

(a) Sentences in cases within this zone are typically suspended with additional intermediate sanctions such as payment of fine or periodic incarceration. The court may suspend the imposition or execution of the term of incarceration set out in parentheses within the grid cell. The sentence is suspended on condition that the offender earn the required number of sanction units through satisfactory completion of various types of intermediate sanctions. This approach is in accordance with LSA-R.S. 15:571.31 which expresses the legislative will that the best interests of the criminal justice system would be served through the development of alternatives to traditional imprisonment.
Grid 5F recommends a sentence consisting of 90 to 135 sanction units for the typical case. Set out in parentheses within Grid 5F is the recommended term of incarceration which designates a range of sentence of 18 to 30 months. La.S.G. § 403(A). As noted above, the term of incarceration within parentheses in the grid cell is generally the term of a suspended sentence.
The designated sentence range provided in the grid cell is appropriate for a typical case; that is, an offense committed without aggravating or mitigating circumstances. La.S.G. § 209(A)(1). When there are sufficient aggravating or mitigating circumstances which significantly differentiate the case from the typical case arising under the offense of conviction, then the court should depart from the designated sentence range in the grid. La.S.G. § 209(A)(3). The departure from the designated sentence range in the grid occurs when the court imposes a sentence different from the type of sentence or outside the designated sentence range in the grid. La.S.G. § 209(A)(2). This court has previously held that the presence of one aggravating factor is sufficient to justify departure from the designated sentence. State v. Tate, 25,765 (La.App.2d Cir. 2/23/94) 632 So.2d 1213.
Rather than impose alternative sanctions to incarceration with a suspended 18-to 30-month prison sentence, the court instead imposed a 30-month prison sentence at hard labor. The court distinguished this case from the typical case of indecent behavior with a juvenile and justified the departure by citing three aggravating circumstances.
Defendant alleges that the trial court incorrectly determined that the youthful age of the victim was an aggravating factor because the victim's youth is an element of the offense. State v. Norrell, 614 So.2d 755 (La. App.2d Cir.1993). An essential element to the instant offense is that the victim be under 17 years of age and more than two years younger than the offender. In Norrell, we held that the youth of the victim, who was 14 years old, should not have been considered an aggravating factor in the sentencing court's departure from the sentencing guidelines because it was an element of the offense. We also noted in the opinion, however, that in some circumstances, the age of the victim and the risk of harm may be more aggravated.
*126 In this case, the victim was only ten years old. Common experience tells us that there is a vast difference in the mental and physical maturity of an adolescent teenager, as in the Norrell case, and a pre-adolescent child like the victim in this case. Whether technically an aggravating factor or not, the instant child's tender age is an appropriate consideration for the trial court.
Defendant also asserts that the trial court erred in finding as an aggravating circumstance that the offense resulted in a significant permanent injury to the victim based upon the presentence investigation report that the victim needed counseling and that she was emotionally upset and cried a great deal. Defendant contends that there is no evidence that the offense has resulted in a permanent injury to the child.
The extent and duration of psychological injuries, unlike physical injuries, are often incapable of precise determination. Nevertheless, it is well known that child sexual abuse leaves lasting scars that often carry from one generation to the next. Significant permanent injury is a valid aggravating circumstance. La.S.G. § 209(B)(9). It is thus difficult to determine if this victim's psychological injury is a valid circumstance because, to a large extent, such injury seems inherent in the offense.
Even if the two circumstances complained of were not properly considered aggravating circumstances, we nevertheless find the trial court properly determined that defendant used his position and status to facilitate the offense of conviction. See State v. Vincent, 624 So.2d 1300 (La.App.3d Cir. 1993), which affirmed concurrent and consecutive sentences totalling eight years on a stepfather guilty of sexual abuse.
The law is that where the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237; State v. Farley, 26,377 (La.App.2d Cir. 9/21/94), 643 So.2d 300; State v. Walters, 26,647 (La.App.2d Cir. 12/7/94), 648 So.2d 7.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App.2d Cir.1989).
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984); State v. Tully, 430 So.2d 124 (La. App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
It is particularly important to note in the instant case that the defendant is actually guilty of the originally-charged offense. A conviction thereof would place the defendant in Grid Cell 4F, above the sanction unit line and with six months longer guidelines exposure.
We find no abuse of discretion. Defendant faced a sentence of up to seven years at hard labor and a fine of $5000. No fine was imposed, and the prison term is less than half the statutory maximum. Defendant was not separately punished for the other incident of sexual abuse. This sentence does not shock the sense of justice. Accordingly, the assigned error is without merit.
Our error patent review disclosed that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8. This defect has no bearing on the *127 sentence and is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Arts. 921, 930.8(C); State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992); State v. Cox, 604 So.2d 189 (La.App.2d Cir. 1992).
The district court is directed to send written notice to defendant of the prescriptive period for post-conviction relief within ten (10) days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App.2d Cir.1992). No other error patent was noted.
The conviction and sentence are affirmed.
AFFIRMED.