677 So.2d 532 (1996)
STATE of Louisiana
v.
Lynn WALKER.
No. CR96-112.
Court of Appeal of Louisiana, Third Circuit.
June 5, 1996.
*533 Jerold Edward Knoll, Marksville, for State of Louisiana.
Dan B. McKay Jr., Rayville, for Lynn Walker.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
Defendant was charged by bill of information with aggravated oral sexual battery, in violation of La.R.S. 14:43.4. On July 18, 1995, defendant appeared in open court, waived formal arraignment and pled guilty to the charge. The trial court fully Boykinized defendant and informed him of the possible penalty. On November 21, 1995, defendant was sentenced to serve twenty years in the custody of the Louisiana Department of Corrections. The sentence was ordered to run consecutively to any other sentence imposed against defendant. At the conclusion of the sentencing hearing, defendant orally moved for a motion to reconsider sentence which was denied by the trial court. Defendant now seeks review by this court alleging one assignment of error.

FACTS
During the month of January, 1995, defendant intentionally touched the vagina of the *534 juvenile victim[1] with his mouth (and/or tongue) and, also, had the juvenile victim touch defendant's penis with her mouth (and/or tongue), without the lawful consent of the victim, a juvenile under the age of twelve. See La.R.S. 14:43.4(A)(4).

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we have reviewed defendant's appeal for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.
The first error patent concerns whether defendant was given an illegal sentence. The trial court imposed the sentence pursuant to La.Code Crim.P. art. 895(H) (notification as a sex offender) and ordered defendant to give all notices and to otherwise comply with the article. La.Code Crim.P. art. 895(H) is limited to probation; however, the trial court did not place defendant on probation.
In State v. Lee, 94-0814 (La. 6/17/94); 641 So.2d 206, the supreme court, comparing La. R.S. 14:67.3 to La.Code Crim.P. art. 895.1 (restitution as a condition of probation), amended the defendant's sentence to delete the requirement of restitution after finding that La.R.S. 14:67 does not authorize the court to order restitution as part of an executory sentence of imprisonment.
Thus, following the supreme court in Lee, this court will vacate and amend the sentence by deleting that part of defendant's sentence requiring notification and remand in order for the trial court to amend the minutes.
The second error patent concerns the trial court's failure to give defendant credit for time served. La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the sentence must be amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required; however, we remand and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858.

ASSIGNMENT OF ERROR
By defendant's sole assignment of error, he argues that the trial court erred in sentencing him to the maximum term of imprisonment, consecutive to the sentences imposed upon him by the Thirty-Second Judicial District Court.
Defendant was sentenced on November 21, 1995. Citing La.Code Crim.P. art. 881.4(D) and La.R.S. 15:326, defendant contends that the trial court failed to consider the sentencing guidelines. The Louisiana Sentencing Guidelines were repealed by Act No. 942, § 3, of the 1995 Legislative Session, effective August 15, 1995, and new requirements for sentencing were added in La.Code Crim.P. 894.1. Thus, since the Louisiana Sentencing Guidelines no longer apply, defendant's contentions regarding La.Code Crim.P. art. 881.4(D)(1) and La.R.S. 15:326 are moot, and this court need only review the sentence for constitutional excessiveness.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir. 1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in *535 imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983); see also, Smith, 433 So.2d 688 and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La.App. 3 Cir.1992).
As stated in Cottingin, 476 So.2d at 1186:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines.
(Citations omitted.)
La.R.S. 14:43.4(C), at the time of defendant's commission of the crime, provided: "Whoever commits the crime of aggravated oral sexual battery shall be punished by imprisonment, with or without hard labor, for not more than twenty years."[2] In the case sub judice defendant was sentenced to twenty years at hard labor, the maximum provided by law. In imposing the sentence the trial court gave the following reasons:
BY THE COURT:
It is the sentence of the courtwell, let me just annunciate the considerations that the court has considered in this matter.
First of all, the offender knew or should have known that the victim of the offense was particularly vulnerable because of extreme youth.
The offender knowingly created a risk of harm to this person; that this is a serious offense, perpetrated on a young child that will permanently scar or hamper this person for the rest of her life.
In addition, the offender has been involved in other offenses of a similar nature, which have not formed part of the pre-sentence report. And, specifically, it's my understanding that he was convicted or pled guilty in the 32nd Judicial District Court to AGGRAVATED CRIME AGAINST NATURE and ORAL SEXUAL BATTERY for which he received a nine year and a five year sentence, to run concurrently.[3]
*536 In defendant's brief he contends that the trial court could not consider as aggravating factors that the victim was particularly vulnerable because of extreme youth, as the victim's age is an element of the crime; that defendant knowingly created a risk of harm, as knowingly refers to the mental element of intent; or that this was a serious offense (this is obvious by the fact that it is a felony punishable by up to twenty years). However, defendant contradicts himself in his brief, wherein he cites State v. Jones, 596 So.2d 1360 (La.App. 1 Cir.), writ denied, 598 So.2d 373 (La.1992), contending that the seriousness of the offense is an element to be considered for sentencing. Defendant also maintains that the record does not substantiate the trial court's finding that the offense will permanently scar or hamper the victim. Defendant further contends that he was "well-punished" for the other charges against him in the Thirty-Second Judicial District Court, thus these offenses were not proper grounds on which to enhance the sentence imposed on him in the Twelfth Judicial District Court or on which to base a maximum sentence. Additionally, defendant contends that the trial court failed to follow La.Code Crim.P. art. 894.1(C) by not stating for the record the factual basis of the sentence. Last, defendant contends that he should have been given a concurrent sentence and that maximum sentences are for the most serious violators.
We find no merit to defendant's contention that the trial court failed to state a factual basis for the sentence imposed. The trial court considered the facts of the offense as disclosed by the state at the opening of the sentencing hearing. The trial court also noted the vulnerability and extreme youth of the victim, the risk of harm to the victim, including possible permanent scarring, and defendant's involvement in conduct of a similar nature in Terrebonne Parish (convictions for aggravated crime against nature and oral sexual battery). Additionally, defendant waived the presentence investigation report. The presentence investigation report would have given the trial court other information to consider that was not disclosed by either party during sentencing. Thus, the trial court did not give insufficient reasons for the sentence imposed.
In addressing defendant's contention that the victim's age is an element of the crime, we note that in State v. Vincent, 624 So.2d 1300 (La.App. 3 Cir.1993), this court affirmed the sentences. Citing State v. Norrell, 614 So.2d 755 (La.App. 2 Cir.1993), this court found that the age of the victims, ranging in age from eleven to sixteen years old, and the harm caused to them should not have been considered as aggravating factors:
The offense of indecent behavior with a juvenile necessarily has as an element the youth of the victim, and the victims' ages were not so "extreme" as to allow consideration of this factor standing alone as aggravating. Also, while the record does support that the victims suffered and may continue to suffer due to the offenses committed against them, this suffering does not appear to be "atypical" of the offense of indecent behavior with a juvenile. Unfortunately, this type of harm is "typical" of the offense.
Vincent, 624 So.2d at 1303.
In Norrell, 614 So.2d 755, the defendant was convicted of two counts of oral sexual battery and molestation of a juvenile. In departing from the recommended sentencing range, the trial judge found several aggravating circumstances, including: (1) that the defendant knew or should have known that the victim, a fourteen year old boy, was particularly vulnerable or incapable of resistance due to his extreme youth and lack of experience in life, and (2) that defendant's acts created a risk of grave harm to the boy as such acts could cause him to have perverted sexual orientations.
While affirming the sentences based on other grounds, the second circuit, citing Federal Sentencing Guidelines, § 209(B), held that "[f]actors which constitute essential elements of the offense of conviction or separate offense(s) for which defendant was convicted and sentenced shall not be considered aggravating circumstances." Id. at 757. The second circuit also explained that the grave risk of harm to the victim was present in the "typical" case involving oral sexual battery and molestation of a juvenile. The second *537 circuit did state, however, that in some circumstances the age of the victim and the risk of harm posed to him may be more aggravating.
In State v. Brown, 27,182, pp. 4-5 (La.App. 2 Cir. 8/23/95); 660 So.2d 123, 126, the second circuit revisited its prior holding in Norrell, 614 So.2d 755:
In this case, the victim was only ten years old. Common experience tells us that there is a vast difference in the mental and physical maturity of an adolescent teenager, as in the Norrell case, and a pre-adolescent child like the victim in this case. Whether technically an aggravating factor or not, the instant child's tender age is an appropriate consideration for the trial court.
Defendant also asserts that the trial court erred in finding as an aggravating circumstance that the offense resulted in a significant permanent injury to the victim based upon the presentence investigation report that the victim needed counseling and that she was emotionally upset and cried a great deal. Defendant contends that there is no evidence that the offense has resulted in a permanent injury to the child.
The extent and duration of psychological injuries, unlike physical injuries, are often incapable of precise determination. Nevertheless, it is well known that child sexual abuse leaves lasting scars that often carry from one generation to the next. Significant permanent injury is a valid aggravating circumstance. La.S.G. § 209(B)(9). It is thus difficult to determine if this victim's psychological injury is a valid circumstance because, to a large extent, such injury seems inherent in the offense.
Even if the two circumstances complained of were not properly considered aggravating circumstances, we nevertheless find the trial court properly determined that defendant used his position and status to facilitate the offense of conviction.
(Citation omitted.)
Also, in State v. Brown, 627 So.2d 192 (La.App. 3 Cir.1993), writ denied, 93-3101 (La. 3/18/94); 634 So.2d 850, this court determined that the age of the victim and the harm caused to the victim was appropriately considered by the trial court as aggravating factors. The defendant was convicted of forcible rape and sexual battery. This court noted that in order for the trial judge to establish the final element of the offense of sexual battery, the trial judge is permitted to take notice of defendant's physical appearance and that of the victim in determining whether the defendant was more than three years older than the victim. The victim testified she was born on April 14, 1978, and she was found to be thirteen years of age at the time of the offense. It was also determined that the defendant, twenty-nine years of age at the time of the offense, was noticeably much older than the victim.
The present case is more analogous to this court's holding in Brown, 627 So.2d 192, in that this victim is under the age of twelve. Although this factor is an element of the crime, the trial court considered it as an aggravating factor. Because of this victim's tender age, the risk of harm posed to her is more aggravated than in the typical case. Thus, we find that the trial court's consideration of the age of the victim and the harm caused her, though not technically aggravating factors, was not improper.
The other factors, including the offenses from the Thirty-Second Judicial District Court, were properly considered by the trial court because the conduct involved was similar in nature. Furthermore, the offense was serious, not because it was a felony, as defendant asserts, but because of the combination of factors the trial court considered in imposing the sentence. The trial court considered the vulnerability and extreme youth of the victim as well as defendant's involvement in similar conduct in Terrebonne Parish.
"[T]he sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information." State v. Douglas, 389 So.2d 1263, 1267 n. 2 (La.1980).
*538 In State v. Berry, 630 So.2d 1330, 1335 (La.App. 4 Cir.1993), the fourth circuit, citing State v. Bouie, 532 So.2d 791, 793 (La.App. 4 Cir.1988), stated, "we reiterated that a trial court may consider both arrests and convictions in imposing sentence, provided the defendant `is given notice of the information and is afforded a chance to speak in mitigation.'"
In Stein, 611 So.2d at 802, this court stated:
[I]n selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all criminal activity.... The trial judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant.
(Citation omitted.)
In State v. Myles, 94-0217, pp. 2-3 (La. 6/3/94); 638 So.2d 218, 219, the supreme court stated:
The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982). Because the scope of information available to the court for sentencing purposes is so broad, the defendant has a due process right to rebut prejudicially false or misleading information which may affect the sentencing determination. State v. Lockwood, 439 So.2d 394 (La.1983); State v. Parish, 429 So.2d 442 (La.1983); State v. Underwood, 353 So.2d 1013 (La.1978). The defendant also has the due process right to sentencing free of assumptions about his prior record which are materially untrue. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); cf., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
A trial court can consider a defendant's persistent involvement in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication. La. Code Crim.P. art. 894.1(B)(12), as amended. Defendant committed the two prior offenses in Terrebonne Parish during 1989 and 1990, respectively. He pled guilty and was convicted on October 19, 1995, and was also sentenced on that same date to nine years at hard labor for aggravated crime against nature and five years at hard labor for oral sexual battery, to run consecutively. Defendant committed the present offense in Avoyelles Parish in January of 1995; he pled guilty and was convicted on July 18, 1995. Defendant was sentenced for the present offense on November 21, 1995. Thus, for the foregoing reasons, the trial court's consideration of the offenses from the Thirty-Second Judicial District Court was proper, especially since they involve sex offenses similar in nature, but with different victims. There were three different victims involved in three separate offenses over a period of six years, indicating that defendant is a predatory, habitual sex offender.
Regarding defendant's contentions that the sentence imposed by the trial court in the Twelfth Judicial District Court should have been concurrent to the sentences imposed in the Thirty-Second Judicial District Court and that maximum sentences are for the most serious violators, we agree that maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. LeBlanc, 578 So.2d 1036 (La. App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993); State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writ denied, 556 So.2d 1258 (La.), writ denied, 558 So.2d 567 (La. 1990), citing State v. Telsee, 425 So.2d 1251 (La.1983).
La.Code Crim.P. art. 883 gives the trial judge the discretion to impose consecutive sentences if he expressly directs such. The trial court did so in this case. In State v. F.A.R., Jr., 568 So.2d 238 (La.App. 3 Cir. 1990), the defendant, a first felony offender, was sentenced to three and one-half years at hard labor on each of five counts of attempted indecent behavior with a juvenile, three of the sentences to be served consecutively and the other two concurrent. These acts were *539 committed against the same juvenile victim and occurred over a long period of time. This court found the sentences were not excessive.
In State v. Ester, 490 So.2d 579 (La.App. 2 Cir.1986), the defendant, a first felony offender, was sentenced to four years at hard labor on each of four counts of indecent behavior with a juvenile, to be served consecutive to one another. The defendant complained that she should have received concurrent rather than consecutive sentences because the offenses were part of a continuous transaction. The second circuit noted the record showed the sexual offenses occurred on specific dates, and even if the occurrences could be deemed as part of the same overall scheme, they were separate and distinct enough to justify consecutive sentences.
In the present case, all three offenses involved different victims (i.e. separate acts) and each occurred on separate dates. We find that defendant is a habitual sex offender. Thus, we find that the trial judge did not abuse his discretion in imposing a sentence of twenty years at hard labor consecutively to the Terrebonne Parish offenses. The sentence is commensurate with, rather than grossly disproportionate to, the severity of defendant's offense. The sentence is adequately particularized to this defendant in light of this particular crime. Although defendant is technically a first felony offender, the penalty does not shock our sense of justice. The sentence makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering, and the sentence is not "cruel, excessive, or unusual punishment." This assignment of error lacks merit.

DECREE
Although the trial court did not inform defendant of any of the provisions under La.Code Crim.P. art. 894.1(D), as amended, the sentence will not be declared unlawful or inadequate for such failure to comply with paragraph D. See La.Code Crim.P. art. 894.1(F), as amended. Defendant waived the presentence investigation report containing the information as to the prospective release dates for good behavior and parole. Defendant's sentence is amended to delete that portion of the sentence requiring notification pursuant to La.Code Crim.P. art. 895(H). The case is remanded and the district court is instructed to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served and to delete that portion of the sentence requiring notification pursuant to La.Code Crim.P. art. 895(H).
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] In keeping with this court's policy, the minor victim is not named in this opinion.
[2] By Act No. 946, § 2 of 1995, the legislature amended paragraph (C) to read: "Whoever commits the crime of aggravated oral sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty years."
[3] During the hearing on the reconsideration of sentence, held immediately after the sentencing, the trial court correctly noted the sentences were consecutive to each other.