706 So.2d 1084 (1998)
STATE of Louisiana, Appellee,
v.
Kenneth David MORGAN, Defendant-Appellant.
Nos. 97-997, 97-998.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
*1085 Michael Harson, Lafayette, Don Landry, Asst. Dist. Atty., for State.
Phyllis E. Mann, Alexandria, for Kenneth David Morgan.
Before DOUCET, C.J., and PETERS and SULLIVAN, JJ.
DOUCET, Chief Judge.
The Defendant appeals the sentence imposed in connection with his guilty plea to two counts of sexual battery.
On December 18, 1993, Kenneth Morgan fondled a twelve-year-old female while at the Defendant's apartment in the parish of Lafayette. The Defendant touched the child's genitals and breasts. However, this incident was not reported until March 25, 1994. When the Defendant was questioned about the incident, he admitted the acts and was arrested.
On March 23, 1994, Kenneth Morgan fondled a second child, also at his apartment. This occurred while the Defendant was supervising the child. The Defendant touched the child's genitals and breasts and forced her to touch his genitals. The victim of this attack, an eleven-year-old female, has a severe speech impediment, a learning disability, and the mental age of a five to six-year-old. When the Defendant was questioned about this incident, he again admitted the acts and was arrested.
On May 23, 1994, Defendant, Kenneth D. Morgan, was charged by bill of information in Docket Number 67733 with two counts of sexual battery, a violation of La.R.S. 14:43.1, and one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81. On the same day, in a separate matter, the Defendant was charged in Docket Number 67734 by bill of information with two counts of sexual battery, a violation of La.R.S. 14:43.1, and one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81. The Defendant pled guilty to two counts of sexual battery, one count in Docket Number 67733 and one count in Docket Number 67734 on February 13, 1995. The remaining counts in both docket numbers were dismissed in consideration *1086 of the guilty pleas entered by the Defendant. On May 11, 1995, the trial court sentenced the Defendant to serve ten years at hard labor on each count. The sentences were ordered to run concurrently. The Defendant filed a Motion to Reconsider Sentence on June 7, 1995. The motion was denied without a hearing on June 13, 1995. After a hearing on May 28, 1997, Defendant was granted an out of time appeal in both cases. The cases have been consolidated on appeal. Defendant's arguments on appeal are limited to alleged errors in his sentencing.

EXCESSIVE SENTENCE
The Defendant contends that the sentence imposed is excessive as applied to him and that the sentence, although within the statutory limits, is a manifest abuse of discretion by the trial judge.
The Defendant pled guilty to and was convicted of two counts of sexual battery. As a result, he was exposed to a possibility of imprisonment, with or without hard labor, for not more than ten years on each count. La. R.S. 14:43.1. The Defendant was sentenced to ten years at hard labor on each count to run concurrently. Therefore, although the Defendant received the maximum sentence allowable on each count, he will in effect serve only one maximum sentence because the sentences were ordered to run concurrently. Further, in consideration of the guilty plea by the Defendant, the State dismissed two other counts of sexual battery and two counts of indecent behavior with a juvenile. The two counts of sexual battery dismissed by the State carried a possibility of an additional ten-year imprisonment each, and each of the dismissed counts of indecent behavior with a juvenile carried a possible sentence of a fine of not more than five thousand dollars and/or imprisonment with or without hard labor for not more than seven years. See La.R.S. 14:43.1 and 14:81.
It is well settled that where a plea bargain has significantly reduced a defendant's possible exposure to imprisonment and the offense involves violence to the victim[1], there is no abuse of the trial court's much discretion in imposing the maximum sentence possible for the crime for which the guilty plea was entered. State v. Lanclos, 419 So.2d 475 (La.1982). In this case, Morgan was initially exposed to a total of fifty-four years imprisonment and fines up to ten thousand dollars. Morgan benefitted immensely due to his significant reduction in exposure to imprisonment. Furthermore, the trial court ordered the two sentences to run concurrently, further reducing Morgan's actual prison time.
Morgan argues that similarly convicted offenders have received lesser sentences and much worse offenders received sentences similar to his. However, the cases cited by the Defendant do not convince this court that sentences imposed upon Morgan were excessive. There are differences prevalent throughout the cases referred to by the Defendant, e.g., the felony status of the offenders, the age of the victims, and all the circumstances surrounding the offenses.
Defendant's sentences are within the statutory range and do not constitute abuse of discretion by the trial court. These assignments of error lack merit.

SENTENCING GUIDELINES
Morgan next asserts that the trial court failed to adequately articulate for the record the considerations taken into account and the factual basis for imposition of the maximum statutory sentence. Further, the Defendant complains the trial court did not even note the sentencing guidelines' recommendation of thirty-three to fifty-seven months.
The record shows the trial judge had before him the presentence investigation report and he entered it into the record. The presentence investigation report comprises important elements that must be considered such as the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981). The trial judge was aware of the content of the presentence investigation report.
*1087 The trial court also had the sentencing guidelines report and entered it into the record. The trial judge gave reasons for not following the sentencing report. In sentencing Morgan, the trial judge stated the following:
The Court finds that the presentence the sentencing guidelines report should not be adhered to because of aggravating circumstances. The sentencing offense does not take into consideration that the defendant knew the victim, the victims were particularly vulnerable or incapable of resistance due to the extreme youth, and in one case, disability a disability involved in one of the victims. But in both cases because of the extreme youth, he should have known that they were particularly vulnerable to this offense. This is an aggravating circumstance that would justify going beyond the sentencing guidelines report.
The trial judge is not required to follow the sentencing guidelines as long as he considers them. State v. Jack, 614 So.2d 215 (La.App. 3 Cir.1993), writ denied, 619 So.2d 575 (La. 1993). The record shows that, although he did not specifically recite the exact numbers, the trial judge was aware of the range of sentences suggested by the sentencing guidelines.
"[T]he fact that the trial court did not articulate any factors in imposing the sentence is of no effect. The question is whether the record reflects an adequate basis for the sentence imposed." State v. Porter, 615 So.2d 507, 515 (La.App. 3 Cir.1993). The trial court had before it a second felony offender convicted previously of a similar offense, the presentence investigation report, the sentencing guidelines report, statements by the victims' mothers, a plea agreement, the Defendant's D.D. 214 showing his armed forces service and statements by the Defendant setting forth mitigating circumstances. The record establishes the trial judge had before him sufficient information upon which to render the sentences and adequately supports the sentences. Therefore, this assignment is without merit.

MITIGATING FACTORS
The Defendant contends that the trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed. Morgan further argues that the trial court considered improper and inapplicable aggravating circumstances in imposing the maximum sentence of ten years at hard labor on each count to run concurrently.
Although the trial court should state clearly the mitigating and aggravating circumstances considered in sentencing an offender, a lack of clear recitation will not automatically render a sentence invalid. Remand is unnecessary for further recitation of reasons for a sentence when the record clearly reflects an adequate basis for the sentence(s) imposed. Lanclos, 419 So.2d 475.
The Defendant argues the trial judge did not consider any mitigating circumstances. However, the record shows that the trial judge was aware of the Defendant's age, veteran status, alcoholism and relapse, successful completion of substance abuse courses at the Lafayette Parish Correctional Center and his desire to get psychiatric help upon release. The Defendant, himself, informed the trial judge of most of these factors at the sentencing hearing. The trial judge was clearly aware of the mitigating circumstances although he failed to specifically articulate them before sentencing.
The Defendant further contends that the trial judge erred in taking into consideration the youth of the victims. Factors forming essential elements of the offense of conviction will not be considered aggravating circumstances. State v. Vincent, 624 So.2d 1300 (La.App. 3 Cir.1993). However, whether technically an aggravating circumstance or not, the children's tender ages are an appropriate consideration by the trial court. State v. Walker, 96-112 (La.App. 3 Cir. 6/5/96); 677 So.2d 532. See also State v. Brown, 27,182 (La.App. 2 Cir. 8/23/95); 660 So.2d 123, writ denied, 96-1767 (La.12/6/96); 684 So.2d 924; and State v. Norrell, 614 So.2d 755 (La.App. 2 Cir.1993).
Here, one victim was an eleven-year-old female with a mental age of a five to six-year-old. *1088 The other was a twelve-year-old female. Age is not technically an aggravating factor because it is an element of the crime. However, it was proper for the trial judge to consider it in sentencing.
Furthermore, the trial judge did state as another factor that the eleven-year-old also had, at least, one other disability. Additionally, the Defendant knew the victims and the PSI suggests that he was sometimes entrusted with their care and supervision. The trial court was also aware that the Defendant had a prior conviction for a similar offense. Finally, the trial judge was aware of the potential for long-term mental and psychological effects on the children from the sexual abuse. The trial judge's consideration of age was proper and the record clearly supports the sentences.

ADVISE OF CIRCUMSTANCES OF SENTENCE
In his sixth assignment of error, Appellant avers the trial court erred by failing to advise him of whether his sentences are subject to diminution for good behavior, whether his sentences were enhanced, whether he is subject to parole eligibility, and the prospective release date for good behavior and prospective parole eligibility date, all as required by law. The Defendant terms this argument as an "Error Patent."
Morgan argues the trial court violated La. Code Crim.P. art. 894.1(D). However, at the time of sentencing, Article 894.1 did not contain paragraph (D). Article 894.1 was amended, adding Paragraph (D), by 1995 Regular Session Act 942, Sec. 1. This amendment became effective after the sentencing of May 11, 1995. Therefore, this assignment of error, too, lacks merit.

CONCLUSION
Our review of the record reveals the Defendant's sentences are within the statutory limits. The sentences imposed are not an abuse of discretion by the trial judge and are not excessive. Further, there was a sufficient factual basis in the record to support the sentences. The trial judge was aware of the mitigating factors and although not technically an aggravating factor, the youth of the victims was a proper consideration in sentencing. In sum, the record clearly supports the sentences given this Defendant for these crimes.
Therefore, the convictions and sentences of the Defendant are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:2(13)(l) specifically enumerates sexual battery as a "crime of violence."