574 So.2d 468 (1991)
STATE of Louisiana, Appellee,
v.
H.L. ANDERSON, Appellant.
No. 22149-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*470 Charles Brown, Public Defender, for appellant.
William J. Guste, Jr., Atty. Gen., Don M. Burkett, Dist. Atty., Richard Z. Johnson, Jr., Asst. Dist. Atty., for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, H.L. Anderson, was originally charged with possession of cocaine with the intent to distribute in violation of LSA-R.S. 40:967(A). He pled guilty to possession of cocaine in violation of LSA-R.S. 40:967(C). The trial court sentenced the defendant to a term of imprisonment of three years at hard labor, and recommended him for participation in the intensive incarceration and probation (IMPACT) program. He appealed. For the reasons assigned below, we affirm.

FACTS
On March 28, 1989, a detective in the DeSoto Parish Sheriff's Office received a tip from a confidential informant that the defendant and two other individuals were traveling by car from Mansfield to Shreveport where they intended to buy crack cocaine. The confidential informant supplied the detectives with a description of the car and the intended route.
Subsequently, the detectives stopped the vehicle. The three occupants were searched, but no drugs were found on their persons. However, one of the officers discovered a matchbox on the ground near the car containing crack cocaine valued at about $500. A search of the car's interior disclosed one small crack cocaine rock on the floorboard on the passenger side.[1] One of the other men advised the detectives that the defendant had paid him $20 to drive him to Shreveport to purchase the drugs.
On June 15, 1989, a bill of information was filed charging the defendant and his two companions with possession of cocaine with intent to distribute. On November 17, 1989, the defendant pled guilty to possession of cocaine. On February 8, 1990, the defendant was sentenced to imprisonment for three years at hard labor. However, the trial court recommended the defendant for participation in the IMPACT program.
The defendant appealed. Initially, he made four assignments of error. However, one of these assignments was not briefed and is thus considered abandoned.[2] URCA 2-12.4; State v. Williams, 338 So.2d 672 (La. 1976). The defendant's remaining assignments of error may be concisely summarized as asserting that the trial court erred in not complying with LSA-C.Cr.P. Art. 894.1 and in imposing an unconstitutionally excessive sentence.

LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a *471 sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C. Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir. 1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration particularly where the offense involves violence. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir. 1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La. App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.

*472 DISCUSSION
The defendant argues that the trial court failed to individualize the sentence to the defendant and the crime or to give due weight to the mitigating factors. He also contends that the sentence imposed is excessive. He further argues that he should have received a sentence providing for regular supervised probation and drug treatment because intensive supervision would interfere with his employment.
Examination of the record reveals that the trial court adequately complied with Art. 894.1 in imposing sentence by giving due consideration to the aggravating and mitigating factors. In mitigation, the court considered the defendant's good employment record, as well as his in-court statement [which was contrary to the information contained in the pre-sentence investigation (PSI) report] that he was supporting his thirteen-year-old child.
However, the trial court found that there were substantial aggravating factors warranting a term of imprisonment. Among these aggravating factors were the defendant's lack of remorse and his prior criminal record. In 1983, the defendant was convicted of DWI and ordered to pay a fine. In 1984, he was convicted of DWI-2nd offense and possession of marijuana. The defendant was placed on probation for these offenses. However, he was unsatisfactorily terminated from probation because of his failure to pay his fine and court costs. Consequently, probation was not recommended in the present case. The trial court also noted that the defendant was not forced to participate in this crime, and that there were no other mitigating factors in his favor. However, the court recommended that the defendant participate in the IMPACT program in the hope that it would give him "some guidance and discipline and direction."
Having found compliance by the trial court with Art. 894.1, we next consider whether the sentence imposed is excessive. We find that it is not. The defendant's prior convictions for DWI and possession of marijuana were for misdemeanors. However, they were all demonstrative of the defendant's continuing substance abuse and his disregard for the law. In each case he received a fine and/or probation. Obviously, the defendant failed to benefit from the court's prior leniency as shown by his continuing criminal activities. In fact, the PSI report stated that the defendant "has consistently flaunted authority" and that he is well known to law enforcement officers as a cocaine dealer in the Mansfield area.
We observe that the defendant received substantial benefit when the state allowed him to plead guilty to the charge of possession of cocaine, which carries a maximum potential sentence of imprisonment for five years, with or without hard labor, and a fine of $5,000. He was originally charged with possession of cocaine with intent to distribute, which carries a sentencing range of between five and thirty years at hard labor and a maximum fine of $15,000.
The sentence of three years at hard labor actually imposed by the trial court is in the mid-range of possible sentences for the crime to which the defendant pled guilty. In view of the defendant's prior criminal record, his lack of remorse, and the substantial benefit received in the plea bargain, we find that the sentence is not excessive. Nor did the trial court err in finding that the defendant was a poor probationary risk.
The defendant further complains that intensive supervision under the IMPACT program would interfere with his employment, which involves frequent out-of-state travel. This is unfortunate. However, the IMPACT program is an alternate program for implementing criminal penalties in lieu of more extensive incarceration. It is designed to provide discipline, guidance and close supervision upon release. Furthermore, the program is designed to assist in the rehabilitation of the offender. Under the circumstances of this case, the trial court did not abuse its discretion in recommending the defendant for participation in this program instead of regular probation.

*473 CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Subsequent analysis verified that these substances were cocaine.
[2] In this assignment, the defendant asserted that his guilty plea was not made knowingly and intelligently, and that it was made without benefit of counsel. An examination of the record for errors patent reveals that such an assignment is meritless, especially since defense counsel was present at the guilty plea.