liMARVIN, Chief Judge.
Bargaining to avoid an habitual offender charge by pleading guilty as charged to violating La. R.S.40:971(B)(l)(b) [obtaining a CDS by forgery], Tammy LeBleu appeals, as excessive, her sentence to 18 months at hard labor which the trial court recommended to be served in the intensive incarceration or IMPACT program of the Department of Corrections.
Successful participation in this program may reduce a defendant’s period of incarceration. La. R.S. 15:574.4 A(l) and A(2)(e). LeBleu, for example, may be eligible for parole after 90 days incarceration under that program. The program is not available to a defendant unless the sentencing court so orders or recommends participation in the program. La. R.S. 15:574.4 A(2)(a)(iii).
We affirm.
EXCESSIVE SENTENCE
Five of LeBleu’s six assignments of error complain of the 18-month sentence and of the trial court’s failure to give her probation. The remaining assignment, not raised in any respect in the trial court, asserts that the trial court “revoked” its order or recommendation that LeBleu participate in the intensive incarceration program. While the court, expressing dissatisfaction with defense *1157 counsel’s announcement that LeBleu wished to appeal the sentence, suggested “maybe the State needs to file a motion for reconsideration [of the sentence],” the record shows no modification of the sentence or revocation of the court’s recommendation that it be served in the intensive incarceration program.
Indeed, the only motion for reconsideration was LeBleu’s motion, seeking probation, which was denied. We note that defendant’s motion does not raise the issue of the alleged revocation of the IMPACT recommendation by the court, nor was the issue argued on the record of the hearing on the motion for reconsideration. Since the defendant is precluded from raising an objection to the ^sentence not raised in the motion for reconsideration on appeal, this issue is not properly before us. La.C.Cr.P. art. 881.1.
Even were we to consider that issue on appeal, we do not find in this record that the trial court retracted its recommendation of intensive incarceration. The trial court perhaps recognized that any revocation of a benefit provided in a sentence that would make the sentence more severe would not pass constitutional muster. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Wise, 425 So.2d 727 (La.1983); State v. Franks, 391 So.2d 1133 (La.1980); State v. Soco, 508 So.2d 915 (La.App. 4 Cir.1987). In any event, the state did not move for any reconsideration of the original sentence imposed and the recommendation of intensive incarceration was not revoked by the trial court, as LeBleu asserts.
According to this record, LeBleu has no justiciable complaint concerning the trial court's recommendation that the 18-month sentence be served in the intensive incarceration program. We shall not further consider that complaint, but only whether the pronounced sentence is unconstitutionally excessive.
The test for determining whether a sentence is excessive is two-fold: first, whether the trial court has adequately taken cognizance of the La.C.Cr.P. art. 894.1 aggravating and mitigating factors for particularizing the sentence to the individual defendant; and second, whether the sentence imposed is grossly out of proportion to the severity of the offense, given the circumstances of the case and the background of the defendant, or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied.
The- -factors to be considered in passing sentence include the defendant’s personal history, prior criminal record, seriousness of the offense and likelihood of ^rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Anderson, 574 So.2d 468 (La.App. 2d Cir.1991). In selecting a proper sentence, a trial court may properly review all other criminal activity of a defendant, not just defendant’s prior convictions. State v. Anderson, supra. In cases where the defendant has pled guilty to an offense which does not adequately describe his criminal conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Anderson, supra, p. 471; State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), iorit denied.
Defendant argües the trial court erred in failing to grant her a probated sentence. However, the trial court is not required to suspend the defendant’s sentence or grant probation, even on a first felony offense. State v. Anderson, supra, p. 471. We note that defendant received a probated sentence on her prior felony conviction involving the same type of conduct as the instant offense. We also note the defendant was exposed to prosecution as an habitual offender.
The sentence of 18 months hard labor, with a recommendation for intensive incarceration, is not unconstitutionally excessive for this offense by this 30-year-old defendant, who:
—had four prior misdemeanor convictions, the first of which was when defendant was 18 years old, and two of which were for shoplifting which defendant admitted she *1158 committed to further her scheme of obtaining CDS;
—had previously been charged with obtaining CDS by fraudulent means, and entered a guilty plea to attempt to obtain CDS by fraudulent means;
—had begun the scheme to steal and forge prescriptions to obtain CDS, which led to the current charges against defendant, within Vf¿ year’s of completion of her probation for the previous conviction;
—had a drug abuse problem for which she had not sought treatment until after her arrest on the current charges;
14 — admitted she used shoplifting to fund her drug addiction, and had 32 stolen items in her ear when it was searched after her arrest;
—devised a methodical and calculated scheme for obtaining CDS, reflecting deliberate, rather than impulsive or impetuous, conduct;
—admitted to five or six different attempts, successful and unsuccessful, to pass forged prescriptions around the same time as the charge on which her conviction is based;
—stole prescription blanks from the doctor’s office where her mother worked as a nurse, thus jeopardizing her mother’s job and reputation; and
—was undeterred from repeatedly trying to obtain CDS with forged prescriptions by the probated sentence on her first felony conviction.
The trial court articulated its consideration of these art. 894.1 factors in handing down his sentence. The sentence in this case is not so grossly disproportionate to the severity of the offense, considering the defendant’s past history and the benefit gained from the plea bargain, as to shock the sense of justice.
The trial court’s refusal to grant this defendant’s request for probation on this second felony conviction was not an abuse of the court’s wide discretion granted in imposing a sentence within the statutory limits. State v. Square, 433 So.2d 104 (La.1983); State v. Anderson, supra, p. 471. The maximum sentence to which defendant was exposed was five years at hard labor and a fine of $5000. The 18-month sentence at intensive incarceration is not excessive.
AFFIRMED.