I, BROWN, J.
Defendant, Angela Jones, originally charged with second degree murder, an offense punishable by imprisonment for life without benefit of parole, probation or suspension of sentence, pled guilty to manslaughter in an Alford plea.[1] The trial court imposed the maximum 40-year hard labor sentence. On appeal, defendant alleges that the sentence is excessive. We affirm.
On May 18, 1996, Hewitt Jenkins, age 63, was found in bed in his Bastrop home dead from a single bullet wound to the left side of his head. The state of decomposition indicated that he had been dead for several days. The victim was known to carry large amounts of cash. Several items were missing from the home, including a television set, a radio,’ a microwave and a handgun. Randy Frazier, defendant’s boyfriend, informed investigators that defendant told him to pick her up at the victim’s home and that while there, he saw defendant shoot the victim who was sitting on the edge of the bed. Frazier was charged as an accessory after the fact to the murder.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 476 (La.1982). The defense does not challenge the court’s articulation as inadequate.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe her conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial *881 court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0886 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
The trial court reviewed a PSI report. Defendant had a lengthy criminal record. She had convictions for theft by shoplifting, simple burglary, misdemeanor theft reduced from simple burglary, simple battery reduced from aggravated battery, middle grade theft, inciting a felony reduced from attempted first degree murder and attempted first degree robbery, trespass, forgery with a related parole revocation and theft. At the sentencing hearing, defendant claimed that she went to Jenkins’ home to extort money and that the shooting occurred accidentally after a struggle. However, there was no evidence to support that claim. The trial court considered in mitigation that defendant had completed a drug treatment program and had four children. However, the court noted that she had shown no remorse.
On this record we do not find error in sentencing. Defendant clearly is guilty of the crime of second degree murder; in fact, she could have been charged |3with first degree murder. The crime of conviction does not adequately describe her conduct. The plea bargain she obtained provided a substantial benefit by reducing her sentencing exposure. Defendant’s criminal conduct, murder during an armed robbery, is among the worst known to the law. Defendant planned the robbery in advance as shown by her direction to her accomplice to pick her up at the victim’s home. Under the totality of circumstances, the sentence imposed does not shock the sense of justice and is not a purposeless or needless infliction of pain and suffering. Therefore, the sentence is not constitutionally excessive,
No error patent was notecL
. The conviction and sentence are affirmed
AFFIRMED.

. A "best interest” or Alford plea is one in which the defendant pleads guilty while maintaining innocence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).