772 So.2d 945 (2000)
STATE of Louisiana, Appellee,
v.
Billy Ray WHITNEY, Appellant.
No. 33,800-KA.
Court of Appeal of Louisiana, Second Circuit.
November 15, 2000.
Amy C. Ellender, Mer Rouge, LA, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Traci A. Moore, Assistant District Attorneys, Counsel for Appellee.
*946 Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, Judge.
Defendant, Billy Ray Whitney, pled guilty to aggravated oral sexual battery, a violation of LSA-R.S. 14:43.4, in exchange for the state dismissing one count of sexual battery, LSA-R.S. 14:43.1. Prior to sentencing, the defendant moved pursuant to LSA-C.Cr.P. art. 875(A)(3), for the appointment of experts to conduct physical and psychological testing of the defendant. The district court denied the motion. After imposing a twenty-year sentence at hard labor, without the benefit of probation, parole or suspension of sentence or "good time" eligibility, the district court denied the defendant's timely motion for reconsideration of sentence.
The defendant appealed asserting that the district court erred in denying his motion for physical and psychological testing. In an unpublished opinion, we affirmed the defendant's conviction, but vacated his sentence and remanded to the district court with instructions to reconsider the defendant's motion, include a clear disposition, provide written reasons for any denial of the motion, and re-sentence the defendant, if appropriate. State v. Whitney, 97-29857 (La.App.2d Cir.9/24/97), 701 So.2d 261.
On remand, the district court provided written reasons and again denied the defendant's motion for physical and psychological testing. The defendant's previous sentence was imposed. The defendant again appealed to this court. We issued an unpublished per curiam opinion vacating the sentence and instructing the district court to conduct a physical and psychological examination of the defendant prior to sentencing. State v. Whitney, 98-31180 (La.App.2d Cir.9/23/98), 737 So.2d 967.
On remand, the defendant was examined and found to be competent. The medical reports were filed with the district court. Thereafter, the district court re-sentenced the defendant to the original twenty-year sentence without the benefit of probation, parole or suspension of sentence. Defendant now appeals, challenging his sentence as constitutionally excessive, and urging that the district court incorrectly stated the prescriptive period for filing for post-conviction relief. For the following reasons, we affirm the defendant's sentence.
The victim was four years old when the defendant, age thirty-eight, taught the young girl his own version of a game called "Shake My Hand, Be My Friend"-which normally involved simply shaking hands. The victim's mother became suspicious when the victim told her that the defendant played the game with his tail rather than his hand. "Tail" was the word the young child used to refer to a man's penis. The victim's mother contacted the Caddo Parish Sheriff's Department. During an interview at the sheriff's substation, the child told the investigator that the defendant wagged his tail and took it in and out of his pants. She also told the investigator that he put it in her mouth. She said he licked her "wee wee" and "bootie," getting them wet before placing her on his lap. Dr. Springer, a child abuse specialist, examined the child and found recent trauma to the girl's vaginal area. Dr. Springer concluded that the child had been raped. Because the incident occurred at the defendant's Shreveport residence, the defendant was subsequently arrested by the Shreveport police and charged with aggravated rape. He was formally charged by bill of information with one count of aggravated oral sexual battery and one count of sexual battery.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done *947 to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Overby, 30,589 (La.App.2d Cir.4/8/98), 714 So.2d 28; State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Tuttle, 26,307 (La. App.2d Cir.9/21/94), 643 So.2d 304.
A trial court has wide discretion to sentence within the statutory limits. However, even a sentence within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). Maximum sentences are reserved for the worst offenders. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Overby, supra; State v. Anderson, 574 So.2d 468 (La.App. 2d Cir.1991). Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Overby, 30,589 (La.App.2d Cir.4/8/98), 714 So.2d 28; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555.
Defendant complains that the trial court considered certain aggravating factors in his sentence that are either nonexistent or inappropriate considerations. Even though the defendant's prior sentences were vacated on appeal, the trial court initially referred to its earlier sentences when he again sentenced the defendant to 20 years and rejected counsel's arguments regarding the medical condition of the defendant and his ability to serve a sentence. The trial judge stated, "the Court will allow the original 20-year sentence to stand." However, after a discussion with the assistant district attorney regarding the need to impose a new sentence since the prior sentence had been vacated, the court then re-sentenced the defendant to serve 20 years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant complains that in articulating its reasons for imposing the maximum sentence, the court enunciated aggravating factors that were not actually present in the case. The court mistakenly stated that the defendant was charged with aggravated rape which carries a life sentence, and by virtue of the plea agreement, he was able to plead to aggravated oral sexual battery, which carries a maximum sentence of twenty years.
At the sentencing hearing, the district court judge stated that he found nothing in the medical reports to cause him to reconsider his original twenty-year sentence. He then re-sentenced defendant to serve twenty years at hard labor, without benefit of parole, probation or suspension of sentence. The court recognized that this was not an agreed sentence, and the defendant could therefore appeal the severity of the sentence.
Defendant also argues that the court considered the age of the victim as an aggravating factor in all three sentencing proceedings. Under our law, oral sexual battery becomes "aggravated" oral sexual battery when the victim is under the age of twelve. LSA-R.S. 14:43.4(4). In State v. Norrell, 614 So.2d 755 (La.App. 2d Cir. 1993), this court stated that "factors which constitute essential elements of the offense of conviction ... shall not be considered aggravating circumstances."
The defendant's arguments are without merit. Although the district attorney did not prosecute the defendant for aggravated rape, which carries a mandatory life sentence, the record would support such a prosecution. In fact, the crime of conviction, aggravated oral sexual battery, does not fully describe the defendant's criminal behavior.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the *948 trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Jones, 32,739 (La.App.2d Cir.2/15/99), 749 So.2d 879; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
The offense of aggravated oral sexual battery does not adequately describe the conduct of the defendant, who could have been prosecuted for aggravated rape of the four-year-old victim. Also, the defendant received a substantial benefit in exchange for the state's agreement not to prosecute the sexual battery charge.
Nor was the trial court wrong in considering the very young age of the victim in this instance. Recently, in State v. Mickens, 31,737 (La.App.2d Cir. 3/31/99), 731 So.2d 463, this court noted that LSA-C.Cr.P. art. 894.1 does not prohibit the consideration of the victim's age even when it is an element of the crime, and even though the now repealed Felony Sentencing Guidelines specifically prohibited consideration of essential elements of the offense of conviction as aggravating factors, citing State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993). In Mickens, we stated: "[W]e can find no case not controlled by the guidelines prohibiting such consideration." Indeed, the third circuit has recently noted that LSA-C.Cr.P. art. 894.1 contains no such prohibition. See, State v. McDowell, 98-391 (La.App. 3rd Cir.10/7/98), 720 So.2d 735; State v. Mickens, supra, at note 4. Here, the victim was only four years old, which is considerably younger than the threshold age of twelve. The trial court did not err in considering the victim's age as an aggravating factor.
The district court reviewed the pre-sentence investigation report ("PSI") and noted that the defendant was a first-felony offender. The district court also considered the physical and psychological reports. The reports of defendant's physical condition conclude that the defendant would not be harmed by prolonged incarceration because of the availability of medical care. The mental status report indicates that the defendant was mentally competent to go to trial or enter a plea bargain. Although this report indicates that the defendant understood that the plea bargain involved a ten-year sentence rather than the 20-year sentence imposed, the record does not support this assumption and defense counsel has not claimed a broken plea agreement.
After reviewing this record, we conclude that the district court did not abuse its discretion in sentencing this defendant. This maximum sentence is not disproportionate to the offense committed, and does not shock one's sense of justice. Consequently, the sentence is not excessive. The defendant's assignment of error is without merit.
The defendant also contends the district court erroneously stated that the prescriptive period for applying for post-conviction relief was three years rather than two years from the date the judgment becomes final. This is a common error and has no effect on the validity of the conviction or sentence. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992). The two-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. art. 914 or 922. Therefore, prescription has not yet begun to run. State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783, writ denied, 95-0430 (La.6/30/95), 657 So.2d 1026, writ denied, 95-0625 (La.6/30/95), 657 So.2d 1028; State v. Mock, 602 So.2d 776 (La.App. 2d Cir. 1992). The district court is hereby directed to send appropriate written notice to defendant within thirty days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La. App. 2d Cir.1992).

*949 CONCLUSION
For the above reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.