PITMAN, J.
| i Defendant Alfred Lee Tyler pled guilty to aggravated incest of a'victim under the age of 13. ■ The district court séntenced Defendant to 50 years at hard labor, with the first 25 years to be served without benefit of probation, parole or suspension of sentence. Defendant appeals, claiming that his sentence is excessive. For the following reasons, we affirm Defendant’s conviction and sentence.
FACTS
On March 6,2014, the state filed a bill of information charging Defendant with one count of aggravated incest in violation of La. R.S. 14:78.1(A), (B)(2) and (D)(2).[1] It alleged that, on or about January 24, 2014, Defendant committed a lewd fondling of W.F.,[2] who' is Defendant’s stepgrand-daughter and is under the age of 13, with the intent to arouse or to satisfy the sexual desires of W.F. and Defendant.
On August 21, 2014, Defendant. pled guilty as charged. According to the facts noted by the state at the guilty plea hearing, Defendant, whose son is W.F.’s stepfather, “touched [W.F.] on her vagina as well as put his private parts on her private parts.” The state also stated that, in a post-Miranda interview, Defendant admitted to touching W.F.’s vagina with his hands and rubbing his penis on her vagina and stated that he had done this once in Caddo Parish and once in Bossier Parish. The state noted that, at 12the time of the offenses, W.F. was nine years old and Defendant was 60 years old. ■
A sentencing hearing was held on August 28, 2014. Crystal Tyler, W.F.’s biological mother and Defendant’s daughter-in-law, testified about how Defendant’s actions negatively affected the family. She stated that W.F. now experiences anxiety and sleepless nights, has problems in school and is receiving counseling at the Gingerbread House. Mrs. Tyler noted that Defendant blames W.F. and has not apologized or accepted fault. She stated that, while incarcerated, Defendant has written several letters to her husband, i.e., Defendant’s son, in which he “declared he did nothing wrong, that , he just played with [her].” Mrs. Tyler .further, testified that she wants Defendant to .receive the maximum sentence of 99 years.
Barbara Fegett, W.F.’s stepmother, also testified about the negative impact on the family. She noted that W.F. suffers from anxiety and is not doing well in school. She also stated that she believes 99 years is an appropriate sentence. The defense requested that the district court take judicial notice of Defendant’s age, i.e., 61 years old. The state requested that the district court take judicial notice of the facts presented at the preliminary hearing arid in Defendant’s post-Miranda statement. The state also noted that Defendant failed to take responsibility for his actions and blamed nine-year-old W.F. for the entire incident, stating “she came on to him.”
Prior to sentencing Defendant, the district court stated that it reviewed the file, the police reports and its notes from the *1032 preliminary [shearing and considered this information when determining Defendant’s sentence. The Court noted: -
[Defendant] did admit to detectives that he did touch .his young step grandchild’s private parts; first outside her panties, and then inside her pants with his bare hands. He also admitted to grabbing the child’s hands so she could be forced to touch his penis, and he also touched her vagina and rubbed his bare penis in between the 'child’s labia, but did not penetrate her. ' ‘
The district court stated that W.P. presented a consistent account of the events when she was interviewed at the Gingerbread House. It also considered the sentencing guidelines set forth in La. C. Or; P. art. 894.1. It further stated that there was an undue risk that Defendant would commit another offense if not incarcerated, that he is in need of correctional treatment and that a .lesser sentence would deprecate the seriousness of his crime. As aggravating factors, the district court stated that Defendant’s conduct during the commission of the offense manifested deliberate cruelty to the victim and that Defendant knew or should have known that the victim was vulnerable or incapable of resistance due to her young age. It also found that Defendant used his position.or status to facilitate the commission of the offense, stating that his status as the victim’s grandfather and someone who was supposed to love and protect her was disturbing to the court. Further, the district court stated that the offense resulted in significant permanent injury to the victim, noting that;' although there was no evidence of a particular physical injury to the child, there are emotional injuries and psychological scars that she will have to bear for the rest of her life and described Defendant’s actions as “reprehensible, horrific and despicable.” It also stated that the only applicable mitigating factor was | ^Defendant’s lack of a significant criminal history. The district court then sentenced Defendant to 50 years at hard labor, with the first 25 years to be served without the benefit of parole, probation or suspension of sentence.
On September 26, 2014, Defendant filed a motion to reconsider and vacate an unconstitutionally excessive sentence. He argued that the reasons given by the district court as aggravating factors were inadequate to support the sentence. He also alleged that the district court failed to fully consider certain mitigating circumstances, including Defendant’s .somewhat impaired capacity due to his “advanced” age, i.e., 60 years old; his full cooperation with law enforcement; his confession and guilty plea; and his lack of prior convictions. Defendant contended that a lesser sentence would not deprecate the seriousness of the offense and would better serve the ends of justice, arguing that a sentence of 50 years is essentially a life sentence and is, therefore, unconstitutional.
On November 14,2014, the district court filed two rulings regarding Defendant’s motion to reconsider sentence. It denied the motion, stating that the sentence is neither excessive nor unconstitutional. It noted that it detailed the La. C. Cr. P. art. 894.1 factors and explained what it considered when déciding the sentence. It further noted that Defendant could have been sentenced to a maximum of 99 years, but received a lesser sentence of 50 years.
Defendant, appeals.
| ¿DISCUSSION
In his sole assignment of error, Defendant argues that the 50-year sentence imposed in this case was not warranted by the facts, or the offender, before the district court. He contends that the sentence is twice the minimum penalty and is unconstitutionally harsh and excessive. He claims that he is 61 years old; that he has *1033 no significant criminal history;[3] that he fully cooperated with’ law enforcement; and that he admitted, his actions, took responsibility and pled guilty instead of putting the family through a trial. He further contends that the district court improperly considered the age of the victim and the familial relationship between himself and W.F. as aggravating factors because these factors are elements of the crime of aggravated incest of a victim under the age of 13. He argues that the 50-year sentence is a life sentence for him and that the sentence does not further the ends of justice.
■ The state argues that the trial court did not abuse its discretion in sentencing Defendant because it considered and applied the La. C. Cr. P. art. 894.1 factors. It contends that the sentence does not shock the sense of justice given the facts of this case. Citing State v. Mickens, 31,737 (La.App.2d Cir.3/31/99), 731 So.2d 463, writ denied, 99-1078 (La.9/24/99), 747 So.2d 1118, the state argues an element of the crime may also be considered as an aggravating factor. It claims that, although Defendant pled guilty, he showed no remorse or understanding for the effect and consequences of his actions, and he blamed the victim.
| fiWhen reviewing an excessive sentence claim, the appellate court uses a two-prong test; ■ First, the trial record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required, to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court should consider the defendant’s. personal history and prior criminal record, the seriousness of the offense, .the likelihood that the defendant will commit another' crime and the defendant’s potential for rehabilitation, State v. Jones, 398 So.2d 1049 (La.1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App.2d Cir.12/11/02), 833 So.2d 1103, writ denied, 03-0477 (La.5/16/03), 843 So.2d 1130. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C.Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982).
 Second, the appellate court must determine if the sentence is constitutionally excessive.. A sentence is excessive and violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the severity of the, crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.
 I7A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not bé set aside absent a showing of abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
*1034 In State v. Whitney, 33,800 (La.App.2d Cir.11/15/00), 772 So.2d 945, this court found that the trial court did not err in considering the young age of the victim as an aggravating factor in sentencing even though the victim’s age was an element of the crime of aggravated oral sexual battery, stating:
Recently, in State v. Mickens, 31,737 (La.App.2d Cir.3/31/99), 731 So.2d 463, this court noted that LSA-C.Cr.P. art. 894.1 does not prohibit the consideration of the victim’s age even when it is an element of the crime, and even though the now repealed Felony .Sentencing Guidelines specifically prohibited consideration of essential elements of the offense of conviction as aggravating factors, citing State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993). In Mickens, we stated: “[W]e can find no case not controlled by the guidelines prohibiting such consideration.” Indeed, the third circuit has recently noted that LSA-C.Cr.P. art. 894.1 contains no such prohibition. See, State v. McDowell, 98-391 (La.App. 3d Cir.10/7/98), 720 So.2d 735; State v. Mickens, supra, at note 4.
See also State v. Jones, 34,863 (La.App.2d Cir.8/22/01), 794 So.2d 107, writ denied, 01-2648 (La.8/30/02), 823 So.2d 938.
| sIn 2014, La. R.S. 14:78.1(D)(2) provided that:
Whoever commits the crime of aggravated incest on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
In the case sub judice, the district court did not abuse its discretion when sentencing Defendant to 50 years at hard labor, with the first 25 years to be served without the benefit of parole, probation or suspension of sentence. It adequately complied with La. C. Cr. P. art. 894.1 and considered the. aggravating and mitigating circumstances relevant to this case. It also noted that Defendant does not have a significant criminal history, but emphasized the seriousness of the instant offense and the likelihood that Defendant will commit another crime. It described Defendant’s actions as “reprehensible, horrific and despicable” and noted the significant emotional and psychological injuries to the victim. The district court did not err when considering the age of the victim and the familial relationship between her and Defendant as aggravating factors, even though they are elements of the crime of aggravated" incest of a victim under the age of 13. State v. Whitney, supra.
Further, the sentence imposed by the district court is not constitutionally excessive. The midrange sentence of 50 years at hard labor is not grossly out of proportion to the severity of the crime and does not shock the sense of justice when considering Defendant’s actions of sexual activities with his nine-year-old stepgrand-daughter. The district court |9imposed a sentence within the statutory limits, i.e., 25 to 99 years at hard labor, and did not abuse its discretion when imposing this midrange sentence of 50 years at hard labor.
Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Subsequent to the commission of the instant offense, La, R.S. 14:78.1 (aggravated incest) was repealed by Acts 2014, No. 177, § 2; Acts 2014, No. 602, § 7, eff. June 12, 2014. The proscribed actions previously covered by that statute are now included in La. R.S. 14:89.1 (aggravated crime against nature). See La. R.S. 14:89(D) and La. R.S. 14:89.1(E).

. To protect the privacy of the victim, she will be referred to by her initials, W.F., pursuant to La. R.S. 46:1844(W). "

. Defendant states that in 1983, he was arrested for driving while intoxicated, possession of marijuana and a traffic violation, but that no disposition for those charges is shown. ■>