Judgment rendered January 13, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,712-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ANDRE BELL                                  Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 354005

Honorable Katherine Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                     Counsel for Appellee
District Attorney

NANCY BERGER-SCHNEIDER
JASON WALTMAN
ALEXANDRA L. PORUBSKY
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and STEPHENS, JJ.

**GARRETT, J.**

The defendant, Andre Bell, was originally charged with simple robbery and attempted first degree murder. The latter charge was subsequently amended to aggravated assault with a motor vehicle upon a peace officer. Following a jury trial, Bell was convicted as charged of that offense and sentenced to 10 years at hard labor. However, a mistrial was declared on the simple robbery charge due to the jury's inability to reach a unanimous verdict. Bell's untimely motion to reconsider sentence was denied. On appeal, his conviction was affirmed, but his claim of excessive sentence was deemed moot as the sentence had already been vacated by the trial court in connection with his adjudication as a third felony offender. *State v. Bell*, 53,163 (La. App. 2 Cir. 1/15/20), 289 So. 3d 658. Bell now appeals as excessive the sentence of 15 years at hard labor imposed upon him as a third felony offender. We affirm.

## FACTS

The underlying facts were fully discussed in this court's previous opinion. To briefly recap, on the evening of November 24, 2017, Bell was at Sam's Town Casino in Shreveport where he began talking to Cindy Gandy, who was playing a video poker game. She had won a $1,200 jackpot and was holding her winnings in her hand. Bell snatched some of the money from her hand and ran away. Ms. Gandy alerted a security guard.

Bell ran from the casino, through a skywalk, to a parking garage. He got in a car with another man and attempted to flee. Two police officers, who were working as contract employees for the casino, tried to stop the car driven by Bell. As the vehicle came down the exit ramp, one officer repeatedly yelled, "Stop, police!" Because the vehicle sped up and swerved

toward the officer, he and the other officer discharged their firearms at the car. Fortunately, neither officer was injured. Bell drove the car from the garage and was involved in a three-vehicle accident about two blocks from the casino. When he was removed from the car, it was determined that he had been hit by one of the bullets fired by the officers.

Bell was originally charged with simple robbery, a violation of La. R.S. 14:65, and attempted first degree murder, a violation of La. R.S. 14:27 and 14:30. A subsequent bill of information amended the attempted first degree murder charge to aggravated assault with a motor vehicle upon a peace officer, a violation of La. R.S. 14:37.6. Following a jury trial in December 2018, Bell was convicted of that charge by a unanimous jury. Because the jury was deadlocked on the simple robbery charge, a mistrial was declared on that charge. The defendant's motion for post-verdict judgment of acquittal was denied. The trial court sentenced Bell to 10 years at hard labor, the maximum sentence for aggravated assault with a motor vehicle upon a peace officer. Although the defendant's motion to reconsider sentence was untimely, the trial court denied it on the merits, finding that the facts of the case warranted the imposition of the maximum sentence.

In January 2019, the state filed a habitual offender bill in which it alleged that Bell was a third felony offender. The listed predicate offenses were: (1) a 2015 guilty plea to simple burglary, for which he was sentenced to three years at hard labor; (2) a 2016 guilty plea to monetary instrument abuse, for which he was sentenced to three years at hard labor, suspended,

2

and three years of supervised probation; and (3) the instant offense, aggravated assault with a motor vehicle upon a peace officer.[1]

A habitual offender hearing was held on September 18, 2019. The state presented the testimony of an expert in fingerprint identification, who matched Bell's fingerprints to those on the bills of information for the predicate offenses. The trial court found that the state had carried its burden of proof and proved that Bell was a third felony offender. At a sentencing hearing on September 20, 2019, the trial court vacated Bell's original sentence of 10 years at hard labor and resentenced him to 15 years at hard labor as a third felony offender. The trial court filed written reasons pursuant to La. R.S. 15:529.1(D)(3).

Subsequently, Bell filed a timely motion to reconsider in which he asserted numerous objections to his sentence. First, he contended that the aggravating factors cited by the trial court were improper and inadequate to support the severity of the sentence. Additionally, he asserted that the trial court failed to consider all mitigating circumstances, including the following: (1) his criminal conduct neither caused nor threatened serious harm; (2) he did not contemplate that his criminal conduct would cause or threaten serious harm; (3) he acted under strong provocation; (4) there were substantial grounds tending to excuse or justify his criminal conduct though failing to establish a defense; (5) the victim induced or facilitated commission of the crime; (6) the defendant has compensated or will

---

[1] In the habitual offender bill, the state applied a 10-year cleansing period to the defendant's predicate offenses, as did the trial court at the habitual offender hearing. However, our review of the record indicates that a five-year cleansing period was applicable in the instant case. See La. R.S. 15:529.1(C); *State v. Lyles*, 2019-00203 (La. 10/22/19), 286 So. 3d 407. Nonetheless, since the defendant's predicate offenses occurred within five years of the instant offense, any error in this respect was harmless.

3

compensate the victim; (7) the defendant led a law-abiding life for a substantial period of time before commission of instant crime; (8) his criminal conduct was the result of circumstances unlikely to recur; (9) he was particularly likely to respond affirmatively to probationary treatment; and (10) imprisonment would entail excessive hardship to himself or his dependents.[2]

The trial court denied the motion to reconsider in a written ruling. It stated that the sentence was neither excessive nor unconstitutional. It referred to its original sentencing hearing, at which it stated on the record the aggravating and mitigating circumstances. It further observed that the sentence imposed was not the maximum allowed by statute.

Bell appeals, arguing that his 15-year sentence as a third-felony offender is excessive.

## LAW

The penalty for the crime of aggravated assault with a motor vehicle upon a peace officer is a fine of not more than $5,000, imprisonment with or without hard labor for not less than one year nor more than 10 years, or both. La. R.S.14:37.6(C). The enhanced sentencing exposure for this crime for a person adjudicated a third-felony offender would be "imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence

---

[2] Essentially, the defendant listed all of the mitigating factors set forth in La. C. Cr. P. art. 894.1(B)(22) to (31); however, he omitted the portion of (B)(28) that states "[t]he defendant has no history of prior delinquency or criminal activity." We find the defendant's reference to several of these factors (his criminal conduct did not cause or threaten serious harm, he did not contemplate his criminal conduct would cause or threaten serious harm, he acted under provocation, and the victim induced or facilitated the commission of the offense) extremely curious, given the fact that he attempted to run down a police officer while fleeing casino security.

4

prescribed for a first conviction." La. R.S. 15:529.1(A)(3)(a). Consequently, the defendant in the instant case faced a maximum sentence of 20 years at hard labor.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 2019-01845 (La. 6/3/20), 296 So. 3d 1071. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Kelly*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 2016-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Thompson*, *supra*.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Kelly*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in

5

light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Kelly*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Kelly*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 2015-0608 (La. 1/25/16), 184 So. 3d 1289. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Kelly*, *supra*.

## DISCUSSION

Bell argues that the 15-year sentence imposed upon him by the trial court is excessive because it fails to take into consideration his claim that he was "intoxicated to a certain extent at the time of the offense." He further contends that the trial court inappropriately treated as aggravating circumstances certain matters which were elements of the crime and thus had already been taken into consideration in determining whether the crime occurred.

While the trial court failed to articulate any additional reasons for sentencing when the defendant was sentenced as a habitual offender, it gave extensive reasons at Bell's original sentencing hearing. A trial court may take judicial notice during habitual offender proceedings of any prior proceeding which was a part of the same case it had previously tried. *See*

6

*State v. McGill*, 52,169 (La. App. 2 Cir. 8/15/18), 253 So. 3d 872, *writ denied*, 2018-1552 (La. 3/25/19), 267 So. 3d 594; *State v. Roland*, 49,660 (La. App. 2 Cir. 2/27/15), 162 So. 3d 558, *writ denied*, 2015-0596 (La. 2/19/16), 186 So. 3d 1174.

During Bell's original sentencing hearing, the trial court found that all three provisions of La. C. Cr. P. art. 894.1(A) applied to the defendant. They provide: (1) there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; (2) the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; and (3) a lesser sentence will deprecate the seriousness of the defendant's crime. As to aggravating factors, the trial court found the following were applicable: La. C. Cr. P. art. 894.1(B)(1), the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim – trying to run over or hit someone with a car is deliberate cruelty; (B)(5), the offender knowingly created a risk of death or great bodily harm to more than one person – two officers in the casino parking garage and other motorists on the roadway were placed in jeopardy when Bell exited the garage driving very recklessly at a high rate of speed and subsequently crashed into two vehicles; (B)(6) the offender used threats of or actual violence in the commission of the offense – trying to hit someone with a vehicle at a high rate of speed constituted violence and traveling at a high rate of speed after leaving the garage was "very concerning"; and (B)(21) any other relevant aggravating circumstances – Bell's prior criminal history, in addition to the facts of the case. The trial court then stated that it had reviewed the mitigating circumstances set forth in (B)(22) to (B)(33)

7

and found none of them to be applicable to this defendant. The trial court noted the totality of the circumstances and the "total disregard for human life" demonstrated by Bell on the night of the offense as grounds for imposing the maximum sentence. It described his actions as "outrageously dangerous" and observed that he threatened "many people" with the risk of great bodily harm or death. The trial court again referenced Bell's extensive criminal history and the fact that, when he was placed on probation or parole, it was revoked.

Bell asserted that the trial court improperly considered elements of the offense as aggravating circumstances in imposing sentence. Specifically, he points to the trial court finding that trying to hit an officer with a motor vehicle manifested "deliberate cruelty to the victim" and constituted a threat of actual violence. However, we find no merit to this argument. *See State v. Tyler*, 50,224 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1029; *State v. Jones*, 34,863 (La. App. 2 Cir. 8/22/01), 794 So. 2d 107, *writ denied*, 2001-2648 (La. 8/30/02), 823 So. 2d 938; *State v. Whitney*, 33,800 (La. App. 2 Cir. 11/15/00), 772 So. 2d 945.

Bell claims that the trial court erred in not considering his assertion of intoxication as a mitigating factor under La. C. Cr. P. art. 894.1(B)(25), which allows consideration of "substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense" or (B)(33), "[a]ny other relevant mitigating circumstance." However, the only evidence of the defendant's alleged intoxication was his self-serving claim while being interviewed by the police several days after the offense. In contradiction, Ms. Gandy testified at trial that she never smelled alcohol on Bell when he was standing close to her in the casino or

8

observed him to slur his words. Consequently, we find no error in the trial court's failure to consider Bell's alleged intoxication as a mitigating circumstance which affected his judgment.

Bell, who was facing a maximum sentence of 20 years at hard labor, received a midrange sentence of 15 years. While fleeing from casino security, Bell was confronted by two police officers in the casino parking garage. Instead of surrendering, he elected to continue his attempt to evade capture. During his flight, he "revved" the engine of his getaway car and "gunned" the vehicle toward one of the officers. Despite the officers opening fire in an attempt to stop the car, Bell recklessly drove out of the casino parking garage and went careening down the street, endangering the lives of anyone in his path. Ultimately, he collided with two other vehicles, damaging them and endangering their occupants. Only then was he apprehended. Given the totality of the facts surrounding the instant offense, we are unable to say that the 15-year sentence imposed upon Bell as a third felony offender was excessive or that it shocks our sense of justice. We find that the trial court tailored the sentence imposed to the particular defendant based upon his actions.

We find no merit to the defendant's assignment of error.

## CONCLUSION

Based on the foregoing, we affirm the defendant's adjudication as a third felony offender and the resulting sentence.

**AFFIRMED.**

9