MOORE, J.
| defendant pled guilty to one count of sexual battery in violation of La. R.S. 14:43.1. At the time of the offense, the crime was punishable by imprisonment with or without hard labor, without benefit of parole, probation or suspension of sentence for not more than 10 years.[1] The trial court sentenced defendant to five years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals, maintaining that his sentence is excessive. We affirm.
When, as here, a defendant does not file a motion for reconsideration, our review is limited to the claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App. 2 Cir. 2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App. 2 Cir. 12/17/03), 862 So.2d 1123.
The DeSoto Parish Grand Jury indicted defendant for sexual battery, and the defendant pleaded guilty to the charged offense without any plea agreement from the state. According to the factual basis presented by the state and admitted by the defendant when he pleaded guilty, the 20-year-old male defendant had sexual intercourse with an 11-year-old female. Defendant confessed, and the victim also gave a statement indicating it happened.
| i>On appeal, defendant argues that his sentence is excessive because he is a first felony offender with no previous criminal history and because he was gainfully employed. He further argues that the trial court erred by not allowing him probation instead of a prison term. The applicable sentencing statute for sexual battery clearly states that the sentence must *936 be imposed without benefit of probation. La. R.S. 14:43.1(C).
The record at sentencing clearly shows that the trial court very carefully tailored a sentence to the facts and circumstances of this case, where the defendant could have been exposed to a much, much harsher penalty. The court listened to testimony from a school bus driver who had known the defendant all of the defendant’s life. He testified that the defendant had a reputation of being a respectful young man who had never been in any trouble. The defendant’s father testified regarding his son’s school, social and church activities and that he had not been in any trouble before. The trial court also considered the pre-sentence investigation report and statements from the victim’s mother requesting a sentence of 1 to 2 years. The court spoke directly with the defendant regarding his mental state at the time of the offense; it noted the fact that defendant was a first felony offender with no juvenile or adult criminal history and defendant’s social history; it also noted that the defendant thought the victim was 14 years old instead of 11; and, that defendant could have been charged with aggravated rape and subject to life imprisonment under the facts admitted by the defendant, but the grand jury refused to return an indictment for aggravated rape. The trial court gave defendant the opportunity to make a | ^statement before sentencing, wherein defendant admitted that he made a mistake and promised never to get into trouble again. He stated that he wanted to move forward with his life, get a GED, and go to college. When the trial court asked defendant why he committed this offense, defendant stated that he did not know why he did it and that he was not thinking at the time.
On this record, we do not find constitutional error. We note that the defendant was given a mid-range sentence for this offense, which does not fully describe the actual nature of the crime. The defendant was 20 years old and the victim only 11 years old, and he engaged in sexual intercourse with the victim. Under the amended statute, defendant would have received a minimum sentence of 25 years simply for sexual battery, and, as noted by the trial court, he could have been prosecuted for aggravated rape and serving a life sentence. Considering the great age disparity between the offender and victim, irrespective of what the defendant might have thought, we conclude that the sentence is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing that the trial court abused its discretion in imposing a 5-year sentence without benefits. Therefore, this sentence is affirmed.
AFFIRMED.

. Acts 2006, No. 103, § 1 added, inter alia, paragraph (C)(2) providing that the minimum sentence of 25 years without benefits when, as in this case, the offender is over the age of 17 and the victim is under the age of 13.