| STATE OF LOUISIANA | * | NO. 2023-KA-0350 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| MARK L. MAGEE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 17-1715, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Autumn Town
Law Office of Autumn Town, LLC
700 Camp Street
New Orleans, LA 70130

Jeffrey L. Smith
Law Office of Jeffrey L. Smith
2735 Tulane Avenue
New Orleans, LA 70119

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**NOVEMBER 3, 2023**

This is the second appeal filed by the defendant, Mark L. Magee ("Defendant"), in this criminal case. In Defendant's first appeal, this Court affirmed his convictions on one count of cruelty to a juvenile, a violation of Louisiana Revised Statutes 14:93(A)(1)[1], and one count of sexual battery, a violation of Louisiana Revised Statutes 14:43.1[2], and remanded the matter to the district court for resentencing. *See State v. Magee*, 22-0635 (La. App. 4 Cir. 3/20/23), ___ So.3d ___, 2023 WL 2568815 ("*Magee I*"). In his present appeal, Defendant seeks review of the district court's resentencing, which imposed concurrent sentences of ten years on one count of cruelty to a juvenile and ten years on one count of sexual battery, with both sentences to be served without hard labor and without the possibility of parole, probation or suspension of sentence.[3] For the reasons set forth below, we affirm Defendant's sentences.

---

[1] Louisiana Revised Statutes 14:93(A)(1) will be discussed in further detail, *infra*.

[2] Louisiana Revised Statutes will be discussed in further detail, *infra*.

[3] To review Defendant's claim that the district court imposed excessive sentences, it was necessary to examine the district court's original sentencing, along with other portions of the record submitted in connection with Defendant's original appeal. For this reason, on August 2, 2023, this Court ordered the record of Defendant's previous appeal, 2022-KA-0635, be supplemented into the record of this instant appeal.

**FACTS AND PROCEDURAL HISTORY**

A recapitulation of the facts as set forth in *Magee I* is as follows:

In 2009, following a custody dispute, R.L.,[4] the victim, and R.L.'s older brother, D.L., began living with their paternal grandmother, Angela Magee ("Mrs. Magee"), and their step-grandfather, Defendant. Thereafter, in 2013, R.L. and D.L. wrote letters to their mother detailing several instances of physical and sexual abuse. When Defendant discovered these letters, he threatened to kill R.L. if she ever discussed the abuse again.

The abuse continued for multiple years until R.L. ran away from the Magees' home. After R.L. ran away, she was picked up by her mother, who then took R.L. to her home in Texas. On January 1, 2017, Mrs. Magee reported to the police that R.L. was missing. That same day, Mrs. Magee received an email from R.L., wherein she stated that she ran away because of the ongoing physical, sexual and emotional abuse she suffered at the hands of Defendant. Mrs. Magee forwarded this email to Detective Holly Hardin ("Det. Hardin") of the Plaquemines Parish Sheriff's Office, and an investigation into the allegations ensued three days later.

On January 18, 2017, R.L. returned to Louisiana and attended an interview with a representative from the Department of Children and Family Services ("DCFS"). During this interview, R.L. again recited that she had run away due to the years of physical, sexual and emotional abuse she endured at the hands of Defendant. Following this interview with R.L., the DCFS representative met with R.L., Defendant, Mrs. Magee and Det. Hardin, collectively. It was during this meeting that Defendant stated that R.L. should kill herself and that she was going to be a

---

[4] In accordance with La. R.S. 46:1844(W)(1)(a), to keep confidential the identities of the persons who were minors at the time of the offenses, initials have been used in place of names.

prostitute. After this encounter, DCFS removed R.L. from the Magees' custody and placed her in foster care. On January 20, 2017, R.L presented to the Children's Advocacy Center for a forensic interview. While there, Dr. Neha Mehta ("Dr. Mehta"), an expert in child sexual abuse, conducted an examination of R.L. Dr. Mehta determined that R.L. was a victim of child physical abuse, child sexual abuse and child emotional abuse. Based on R.L.'s allegations and Dr. Mehta's examination, on May 17, 2017, Defendant was charged by bill of indictment with one count of cruelty to a juvenile and one count of sexual battery.

A three-day jury trial commenced on May 9, 2022. On May 12, 2022, the jury rendered a unanimous verdict, finding Defendant guilty on both counts. On July 6, 2022, Defendant filed a motion for new trial. The district court denied Defendant's motion for new trial on September 7, 2022. On the same day, the district court sentenced Defendant to ten years on one count of cruelty to a juvenile and ten years on one count of sexual battery to run concurrently, with both sentences to be served without hard labor and without the possibility of parole, probation or suspension of sentence. Defendant filed a motion to reconsider his sentences, which the district court denied.

Defendant filed a direct appeal with this Court and raised six assignments of error.[5] After a review of the record, this Court affirmed Defendant's convictions on

---

[5] In *Magee I*, Defendant asserted the following six assignments of error:

> (1) the trial court erred in denying his motion for new trial as the State's evidence was insufficient to obtain a conviction; (2) the trial court erred in allowing the State's rebuttal evidence which caused prejudice to Defendant; (3) the trial court erred in imposing the maximum sentence on both of Defendant's convictions; (4) the trial court erred in denying Defendant's motion for mistrial regarding statements made about Defendant's post-*Miranda* silence; (5) the trial court erred in failing to suppress evidence not turned over by the State; (6) Defendant was unfairly prejudiced by the ineffectiveness of his trial counsel.

3

all counts and found that Defendant's assigned errors lacked merit. However, this Court did identify one error patent—the district court erred in not observing the twenty-four hour sentencing delay without an express waiver of the twenty-four hour delay, as required in La. C.Cr.P. art. 873.[6] Thus, this Court remanded the matter solely for resentencing. In doing so, this Court pretermitted discussion of Defendant's assignment of error regarding his excessive sentences.

On April 26, 2023, Defendant appeared before the district court for resentencing. The district court again sentenced Defendant to concurrent ten-year sentences on both counts, to be served without hard labor and without benefits. The district court, in its resentencing, did not set forth any reasons for its sentence; instead, the district court adopted its original oral reasons for judgment, recited on the day the sentence was originally imposed.

This timely appeal followed.

### ERRORS PATENT

Pursuant to La. C.Cr.P. art. 920,[7] we have reviewed the record for errors patent and have found none.

---

22-0635, p. 6, ___ So.3d at ___, 2023 WL 2568815, at *3.

[6] Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

[7] Louisiana Code of Criminal Procedure Article 920 provides:

> The following matters and no others shall be considered on appeal:
>
> (1) An error designated in the assignment of errors; and
> (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

4

## DISCUSSION

In this appeal, although worded and numbered differently, Defendant raises essentially the identical assignments of error as those this Court reviewed in *Magee I*. Namely, Defendant asserts that: (I) the evidence presented at trial was insufficient to support the convictions; (II) the district court erred in allowing the impermissible rebuttal case presented by the State; (III) the district court erred in imposing the maximum sentences on both counts; (IV) the district court erred by allowing the State to reference Defendant's decision not to provide a statement to police after his arrest and in failing to suppress evidence which was not provided to the defense in violation of discovery rules;[8] and (V) trial counsel was ineffective by failing to object to leading questions asked by the State to one of its witnesses.

Defendant acknowledges in his brief that assignments of error numbers I, II, IV and V were previously argued and addressed in his first appeal to this Court and were found to be without merit. *See Magee I,* 22-0635, ___ So.3d ___, 2023 WL 2568815. Defendant notes that he raised these assigned errors for the sole purpose of preserving these issues for further review. Notwithstanding, "[u]nder the law-of-the-case doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the ruling was patently erroneous and produced unjust results." *State v. Carter*, 21-0083, p. 4 (La. App. 4 Cir. 6/9/21), 323 So.3d 898, 900-01(citations omitted). This subsequent appeal contains no new evidence to show that this Court's prior ruling was patently

---

[8] Defendant's assignment of error IV, in this instant appeal, was previously presented as two separate assigned errors in *Magee I* —assignments of error numbers 4 and 5. *See* note 5.

erroneous and produced unjust results. Accordingly, we decline to reconsider our prior rulings on the same issues in this matter.

***Assignment of Error No. III – Excessive Sentences***

In his third assignment of error, Defendant argues that the district court erred in imposing concurrent maximum sentences of ten years for his convictions of cruelty to a juvenile and sexual battery. Defendant contends that theses sentences are excessive, amount to cruel and unusual punishment, and are, therefore, unconstitutional.

Louisiana Revised Statutes 14:93, *Cruelty to juveniles*, provides, in pertinent part:

> A.     Cruelty to juveniles is:
>
> (1)     The intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. . . .
>
> * * *
>
> D.     (1) Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.

Louisiana Revised Statutes 14:43.1, *Sexual battery*, pertinently provides:

> A.     Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when any of the following occur:
>
> (1) The offender acts without the consent of the victim.
>
> (2) The victim has not yet attained fifteen years of age and is at least three years younger than the offender.
>
> * * *
>
> C.     (1) Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without the benefit of parole, probation, or suspension of sentence, for not more than ten years.

"Both the Eighth Amendment of the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive and cruel punishment. Additionally, the Louisiana Constitution explicitly prohibits 'excessive' punishment." *State v. Wilson*, 14-1267, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1150, 1165. A sentence is unconstitutionally excessive, even when it is within the applicable statutory range, if it is "grossly disproportionate to the severity of the offense or constituted nothing more than needless infliction of pain and suffering." *Id.* at p. 25, 165 So.3d at 1166 (quoting *State v. Hackett*, 13-0178, p. 14 (La. App. 4 Cir. 8/21/13), 122 So.3d 1164, 1174).

In *State v. Rickmon*, this Court set forth the standard of review of a sentence for excessiveness as follows:

> In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C.Cr.P. art. 894.1 and whether the sentence is warranted under the facts established by the record. *State v. Wiltz*, 08-1441, p. 10 (La. App. 4 Cir. 12/16/09), 28 So.3d 554, 561. If adequate compliance with La. C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious offenders. *State v. Bell*, 09-0588, p. 4 (La. App. 4 Cir. 10/14/09), 23 So.3d 981, 984.

23-0048, p. 21 (La. App. 4 Cir. 8/30/23), ___ So.3d ___, ___, 2023 WL 5604157, at *11.

"The excessiveness of a sentence is a question of law, and a reviewing court will not set aside a sentence absent a manifest abuse of discretion by the [district] court." *State v. Alridge*, 17-0231, p. 39 (La. App. 4 Cir. 5/23/18), 249 So.3d 260, 288 (citing *Wilson*, 14-1267, p. 24, 165 So.3d at 165), *writ denied*, 18-1046 (La.

7

1/8/19), 259 So.3d 1021, and *cert. granted, judgment vacated*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

At the September 7, 2022 sentencing hearing, the State argued that the crimes committed by Defendant warranted the maximum ten-year sentence on both counts based on R.L.'s trial testimony and her victim impact statement. In her victim impact statement, R.L. recounted instances when Defendant physically, sexually and emotionally abused her, from the age of twelve, for multiple years and explained how it affected her. Additionally, R.L. testified that Defendant slapped and hit her numerous times. She recalled, during her forensic interview, that Defendant "banged her head on the scope of [a] gun," resulting in bruising to her cheekbone. She told Dr. Mehta, that Defendant shoved her out of a chair, resulting in her back hitting concrete steps, which caused her to suffer bruising. R.L. further informed Dr. Mehta that Defendant slapped her in the face, hit her on the head and kicked her in the leg, causing bruising. R.L. recounted that Defendant choked her; spanked her in front of her siblings while she was naked; fondled her breasts and buttocks; rubbed her vagina; called her a slut and prostitute; and told her that she should kill herself. R.L. also testified that Defendant, on numerous occasions, threatened to kill her if she reported his actions to the police. R.L. stated that she decided to run away from the Magees' home after defendant threatened to have sex with her in 2017.

Defendant did not make a statement at the sentencing hearing.

Before sentencing Defendant, the district court stated that it considered many factors under La. C.Cr.P. art. 894.1[9] before imposing the sentences. Specifically, the

---

[9] Louisiana Code of Criminal Procedure Article 894.1 sets forth a list of sentencing guidelines, which includes both aggravating and mitigating factors, to be considered before the district court imposes a sentence.

district court stated that it heard the testimony of the witnesses and R.L. at trial and R.L.'s victim impact statement. The district court considered the extreme youth of R.L. at the time of the offenses—age twelve to sixteen—and that "[Defendant] knew or should have known that [R.L.] was vulnerable or incapable of resistance due to extreme youth." The district court determined that Defendant used his position of authority as R.L.'s step-grandfather to commit the crimes. While the district court noted that Defendant was sixty-nine years old with a relatively clean record and a medical condition, the district court found that Defendant's crimes caused R.L. significant damage, both during the commission of the crimes and for the rest of R.L.'s life.

Following these oral reasons, the district court, finding that "a lesser sentence would deprecate the seriousness of the offense," imposed a ten-year sentence for cruelty to a juvenile and a ten-year sentence for sexual battery to run concurrently, without hard labor and without the possibility of parole, probation or suspension of sentence.

On remand by this Court, the district court scheduled Defendant's resentencing hearing for April 26, 2023. Following argument of counsel, the district court, adopting its oral reasons for judgment rendered at the original sentencing hearing, again imposed ten-year sentences on both counts, with both counts to be served concurrently without hard labor and without the possibility of parole, probation or suspension of sentence. Defendant posits that because he is not the most egregious offender, he should not have been given the maximum sentence for his convictions for cruelty to a juvenile and sexual battery. Defendant contends the only evidence of the crimes was provided by R.L., without any additional corroborating physical or testimonial evidence.

As to the cruelty to a juvenile conviction, Defendant cites a series of cases, wherein the physical injuries to the juvenile were arguably more severe than those individual injuries suffered by R.L.; thus, Defendant insinuates that a maximum ten-year sentence for cruelty to a juvenile should be reserved for more severe injuries. *See State v. Green,* 449 So.2d 141, 145 (La. App. 4th Cir. 1984) (wherein this Court affirmed the defendant's five year sentence at hard labor and conviction for cruelty to a juvenile, after finding that he deliberately placed and held a child's feet in scalding water that he negligently prepared without first testing it); *see also State v. Gray,* 502 So.2d 1114, 1118 (La. App. 4th Cir. 1987) (wherein this Court affirmed the defendant's ten year sentence at hard labor and conviction of cruelty to a juvenile for beating her daughter with a hammer and chair, which caused severe physical and emotional injuries).[10] However, we find that these cases are distinguishable from the facts of this case. The cases cited by Defendant were isolated incidents and confined to charges of cruelty to juveniles. In this case, the physical, sexual and emotional abuse was not one involving an isolated incident; rather, the abuse was continuous and involved a series of incidents, which took place over a significant period of time.

Similar to the facts of this case, in *State v. Hilton,* the appellate court affirmed the defendant's ten-year maximum sentences for cruelty to juveniles convictions relating to physical and sexual abuse that occurred repeatedly over a significant period of time. [11] 99-1239 (La. App. 1 Cir. 3/31/00), 764 So.2d 1027. In sentencing the defendant, the district court noted that despite the defendant's status as a first

---

[10] *See generally State v. Davis,* 485 So.2d 981 (La. App. 4th Cir. 1986); *State v. Meshell,* 473 So.2d 935 (La. App. 3d Cir. 1985); and *State v. Helsley,* 457 So.2d 707 (La. App. 2d Cir. 1984).

[11] The defendant was convicted on two counts of cruelty to juveniles and was sentenced to the maximum ten years at hard labor on both counts, to run concurrently. *See Hilton,* 99-1239, p. 2, 764 So.2d at 1029. The defendant was also convicted of one count of indecent behavior with a juvenile and one count of attempted molestation of a juvenile. *Id.*

felony offender, the imposition of maximum sentences was warranted because: (1) the victims were young children; (2) the conduct manifested deliberate cruelty to the victims; (3) the defendant knew or should have known that the victims were particularly vulnerable or incapable of resisting due to their ages; (4) the defendant used threats or actual violence in the commission of the offenses; and (5) the offenses resulted in significant and permanent injury to the victims. *Id.* at pp. 16-17, 764 So.2d at 1037-38.

With regard to his sexual battery conviction and corresponding maximum sentence of ten years imprisonment, Defendant points to his age (he was sixty-nine years old at the time of sentencing), medical history and his first felony offender status as reasons that warranted the imposition of a lighter sentence. However, the district court considered these factors before imposing the ten-year sentence for Defendant's conviction of sexual battery and outlined its reasons for doing so. For comparison, we look to *State v. Dykes*, where the appellate court affirmed the imposition of the maximum ten-year sentences for the defendant's convictions of three counts of sexual battery, two of which were to run concurrently. 38,092 (La. App. 2 Cir. 3/3/04), 867 So.2d 908. In *Dykes*, the defendant, while living with a woman who regularly babysat her grandchildren, began sexually assaulting the young granddaughter by placing his hand inside the victim's underwear and rubbing her vagina. 38,092, p. 2, 867 So.2d at 909. When sentencing the sixty-three year old defendant, the district court noted his age, disabling medical condition, lack of prior felony convictions and the impact of the crimes on the young victim. *Id.* at p. 6, 867 So.2d at 911.

Defendant also cites to two case in which the defendants, convicted of sexual battery, received lesser sentences. *See State v. Booker,* 41,665, p. 3 (La. App. 2 Cir.

2/28/07), 953 So.2d 934, 936 (wherein the appellate court affirmed the defendant's five-year sentence for sexual battery of an eleven-year-old and noted that the defendant was only given a mid-range sentence for the convicted offense; although "[u]nder the amended statute, defendant would have received a minimum of [twenty-five] years simply for sexual battery . . . ."); and *State v. Galindo,* 06-1090, pp. 19-20 (La. App. 4 Cir. 10/3/07), 968 So.2d 1102, 1116 (wherein this Court affirmed the conviction of sexual battery and sentence of six years for a defendant who engaged in recurring acts against a young and vulnerable victim). However, in Booker and Galindo, the defendants did not hold authoritative positions over the victims; the defendants and the victims were not related; and the defendants and the victims did not live in the same households.

To the contrary, in *State v. Howard*, the appellate court affirmed the defendant's forty-year sentence in connection with his conviction for sexual battery of a juvenile under the age of thirteen due to the fact that the defendant held a position of trust which he exploited to commit his crimes. 18-159, p. 1 (La. App. 5 Cir. 11/7/18), 259 So.3d 583, 585. The *Howard* Court, held "that maximum, or nearly maximum terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile." *Id.,* pp. 12-13, 259 So.3d at 592 (quoting *State v. Badeaux*, 01-406, p. 8 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239). Similarly, in *Badeaux*, the appellate court upheld the maximum consecutive sentences for sexual battery and indecent behavior with a juvenile based on the district court's application of the statutory sentencing guidelines, in which it considered the severity of the crime, the vulnerability of the child victim, and the use of the defendant's position of authority to commit the crime. 01-406, pp. 7-10, 798 So.2d at 239-40.

In the case *sub judice*, Defendant and R.L. lived in the same household until she could no longer tolerate the abuse, ran away and was eventually removed from the home. The district court, in its original sentencing of Defendant, considered the applicable factors set forth in La. C.Cr.P. art. 894.1 and found that Defendant used his position as head of the household and R.L.'s step-grandfather to facilitate the commission of the physical, sexual and emotional abuse to R.L. over the course of several years, beginning when R.L. was twelve. Based on our review, R.L.'s testimony—which described Defendant's extensive physical, sexual and emotional abuse—and the cumulative effect of her injuries justify the maximum ten-year sentences for cruelty to a juvenile and sexual battery.

Further, we note that R.L. and the State requested consecutive sentences that would have kept Defendant in prison for twenty years. Despite having the discretion to impose consecutive sentences pursuant to La. C.Cr.P. art. 883,[12] the district court determined that both the aggravating and mitigating factors of this case warranted the imposition of concurrent sentences, without hard labor. In *State v. Morgan,* the defendant was similarly sentenced, pleaded guilty and was convicted of two counts of sexual battery, to ten years at hard labor on each count to run concurrently. 97-997, p. 3 (La. App. 3 Cir. 2/4/98), 706 So.2d 1084, 1086. In upholding the sentences, the appellate court observed that although the defendant received the maximum

---

[12] Louisiana Code of Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

sentence on both counts, "he [would] in effect serve only one maximum sentence because the sentences were ordered to run concurrently." *Id.* The same is true in this instance. The imposition of concurrent rather than consecutive sentences decreased Defendant's possible prison time from twenty years to ten years in connection with his cruelty to juvenile and sexual battery convictions.

## CONCLUSION

In sum, we find that the district court, in determining Defendant's sentences, considered the aggravating and mitigating factors as required by La. C.Cr.P. art. 894.1. Accordingly, for the foregoing reasons, Defendant's sentences are affirmed.

**AFFIRMED**